S. H. USURY v. M. L. WATKINS AND SOUTHERN RAILWAY COMPANY.

(Filed 20 April, 1910.)

**Carriers of Passengers—Freight Trains—Customary Jolting—Negligence.**

It appearing in this case that the injury complained of was proximately caused by the jolting and jarring usual to freight trains, upon which plaintiff was a passenger, there was error in rendering judgment against the defendant railway company.

APPEAL from *Biggs, J.,* at November Term, 1909, of GRANVILLE.

Action for personal injury against defendant Watkins, as the engineer, and the Southern Railway, as the common carrier operating a freight train with passenger coach attached, between Oxford and Keysville.

Plaintiff was a passenger, and, while standing up near car door when train had stopped at a water tank, the train was started and, as plaintiff testifies, he was thrown down and injured.

At conclusion of all the evidence plaintiff stated he did not desire or ask that an issue be submitted as to Engineer Watkins.

There was a verdict and judgment against the defendant railway company, from which it appealed.

*B. S. Royster* for plaintiff.
*T. T. Hicks* and *A. A. Hicks* for defendants.

PER CURIAM. The assignments of error present two questions: 1. Is there any sufficient evidence of negligence? 2. In view of the action of plaintiff in respect to the defendant Watkins, can plaintiff recover of his principal, the railway company?

We are unanimous in the opinion that there is no sufficient evidence of negligence, and that his Honor should have so held.

The train was a long freight with passenger coach attached at end. It was properly equipped with air-brakes and managed by a competent engineer. In starting the train and taking up the slack, it is conceded that much jolting and jarring is inevitable. We do not think the evidence is sufficient to show that the jolting complained of was due to the negligence of the engineer, or could have been reasonably avoided in starting so long a train, or that the engineer managed the train in a negligent manner. We are somewhat confirmed in this view by the action of the plaintiff at the close of the evidence, who was manifestly unwilling to ask a verdict against the engineer Watkins, upon the evidence.

If the engineer was not guilty of negligence, then upon the evidence of this case the employer could not be held. *Smith v. R. R.,* 151 N. C., 482. We recur to what is said in *Marable v. R. R.,* 142 N. C., 557: "In taking passage on a freight train a passenger assumes the usual risks incident to traveling on such trains, when managed by prudent and competent men in a careful manner." We see nothing that takes this case out of this rule.

In this view it is unnecessary to consider the second ground so elaborately discussed before us.

Error.