Civil action tried upon the following issues:
"1. Was plaintiff's intestate killed by the negligence of the defendant as alleged in the complaint? Answer: Yes.
"2. Did the plaintiff's intestate contribute to her death by her own negligence as alleged in the answer? Answer: No. *Page 635 
"3. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $1,000.00."
At the conclusion of plaintiff's evidence, on motion of defendants, judgment of nonsuit was entered as to the Piedmont Northern Railway Company and the city of Gastonia.
From a judgment on the verdict for plaintiff, the defendants, Atlanta 
Charlotte Air Line Railway Company and Southern Railway Company, appeal, assigning errors.
The defendants' chief assignment of error, or the one most strongly urged on the argument and in their brief, is the exception addressed to the action of the court in overruling their demurrer to the evidence, interposed first at the close of plaintiff's evidence, by motion to dismiss the action or for judgment as of nonsuit, and renewed by like motion at the close of all the evidence. C. S., 567.
Viewing the evidence in its most favorable light for the plaintiff, the accepted position on a motion of this kind, we think the trial court was justified in submitting the case to the jury, and that the verdict is amply supported thereby. It is the settled rule of practice in this jurisdiction that, on a motion to nonsuit, the evidence which makes for the plaintiff's claim and which tends to support his cause of action, whether offered by the plaintiff or elicited from the defendant's witnesses, is to be taken and considered in its most favorable light for the plaintiff, and he is entitled to the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom. Nash v. Royster,ante, 408.
No benefit would be derived from detailing the testimony of the several witnesses, as the principal question before us is whether it is sufficient to carry the case to the jury, and we think it is.
It was earnestly insisted by defendants that, under the evidence, plaintiff's intestate, a child seven years of age, was guilty of contributory negligence in walking on defendants' track in front of a moving train, which caused her death, but we think the trial court was clearly correct in submitting the question to the jury, as he did. There was ample evidence to warrant the jury in finding that the engineer or fireman, in the exercise of reasonable care, could have seen, and should have seen, the little girl in time to have avoided the injury. The train was not in sight when plaintiff's intestate went upon the track, and, *Page 636 
though she was walking with her back to the train, no signal or warning was given to notify her of its approach. The engineer and fireman said they could not see her because of a 3% curve in the track and a moving freight train on a parallel track. There was evidence from the plaintiff to the contrary. The passenger train which struck plaintiff's intestate was running at the time of the injury in excess of the rate of speed allowed by ordinance of the city of Gastonia. The case was properly submitted to the jury. For a valuable and exhaustive treatise on "Contributory Negligence of Children," see Jacobs v. Koehler Sporting Goods Co., 208 N.Y. 416, as reported in L.R.A., 1917-F, and annotation, pp. 10-164.
The evidence was conflicting on the main issue of liability; the jury has determined the matter against the defendants; there is no reversible error appearing on the record; the verdict and judgment will be upheld.
No error.