BESSIE MAY BUCKNER v. BLACK MOUNTAIN RAILWAY COMPANY.

(Filed 23 May, 1928.)

**1. Railroad—Operation—Accidents to Trains—Sufficiency of Evidence of Negligence—Nonsuit.**

Evidence tending to show that the plaintiff was a passenger on defendant's train, and was injured by the negligence of defendant's crew in leaving the car in which plaintiff was riding on the track without having the brakes on, and that the car started rolling down grade, and that the plaintiff jumped from the car to save herself from imminent peril, is sufficient to sustain a verdict in her favor.

**2. Evidence—Expert Testimony—Competency of Testimony in Explanation.**

Where an expert witness testifies in answer to a hypothetical question that he had an opinion as to the cause of the injury in suit, but that this opinion was not satisfactory to himself, and then in answer to a question asked him by the court testifies: "If I should have to express an opinion, I should naturally think that the injury she sustained was the cause of her condition thereafter, but this condition could have been caused without such injuries. That is why I say I have no satisfactory opinion as to the cause of her injuries" the reply to the question asked by the court is competent for the purpose of explaining why the witness did not have a satisfactory opinion as to the cause of plaintiff's condition.

**3. Depositions—Requisites—Witnesses—Evidence.**

Where a witness testifies at the trial, depositions formerly taken of his testimony are incompetent for corroboration when they are not signed by him or the stenographer who transcribed them, nor properly certified to as such, and bearing "no extrinsic evidence of their correctness or accuracy."

APPEAL by defendant from *Moore, J.,* at October Term, 1927, of
YANCEY. No error.

Action to recover damages for personal injuries sustained by plaintiff
while a passenger of defendant company.

From judgment upon the verdict sustaining plaintiff's allegations of
actionable negligence, and assessing damages which plaintiff is entitled
to recover of defendant for her injuries, defendant appealed to the
Supreme Court.

*Watson, Hudgins, Watson & Fouts for plaintiff.*
*J. J. McLaughlin, Charles Hutchins and Pless & Pless for defendant.*

CONNOR, J. On or about 19 April, 1926, plaintiff was a passenger on
defendant's train, running from Kona in Mitchell County, to Dellinger,
N. C. When the train reached Micaville, the engine was detached from
the car in which plaintiff was sitting, leaving the car standing on de-
fendant's track. The train crew left the car, without putting the brakes
on. The engine proceeded to a sidetrack, to do some switching. The car
in which the plaintiff had been riding immediately began to roll back-
ward, down grade. The railroad track from Kona up to Micaville is
up grade and crooked. There is a river on one side of the track, and a
mountain on the other. As the car began to roll down the track, plain-
tiff got up from her seat, and went to the rear of the car. As the car
was rolling faster and faster down the track, plaintiff became frightened.
She jumped from the rear of the car to the ground, and was injured. She
testified that she jumped because she knew about the curves in the track,
and because she was apprehensive that the car would leave the track,
and plunge into the river. She thought it was safer to jump from the
moving car, than to remain in it. She further testified both as to the
nature and extent of the injuries which she sustained when she jumped
from the rolling car to the ground. She became a mother about three
and a half months after she was injured.

The evidence offered by plaintiff tended to sustain her allegations of
actionable negligence on the part of the defendant. It was properly sub-
mitted to the jury. Defendant's assignments of error on its appeal to
this Court from the judgment on the verdict have been carefully con-
sidered. They cannot be sustained.

Dr. Robinson, an expert witness on behalf of the plaintiff, testified in
corroboration of her testimony as to the nature and extent of her in-
juries. In answer to a hypothetical question, he testified that upon the
facts stated therein, he had an opinion as to the cause of her injuries,
but that this opinion was not satisfactory to himself. In response to a
question addressed to him by the court, the witness said: "Well, if I

should have to express an opinion, I should naturally think that the injury she sustained, when she jumped from defendant's train, was the cause of her condition thereafter, but this condition could have been caused without such injuries. That is why I say I have no satisfactory opinion as to the cause of her injuries." This testimony was admitted over defendant's objection, and subject to its exception. The probative force of the testimony, if any, was very slight. The witness' reply to the question of the court was in effect an explanation of why he did not have a satisfactory opinion as to the cause of plaintiff's condition, as stated in the hypothetical question. It was competent for that purpose. *Riggs v. R. R.,* 188 N. C., 366. It was subject to the tests ordinarily applied to the evidence of witnesses other than experts. *Hedgepeth v. Coleman,* 183 N. C., 309.

Prior to the trial, the deposition of G. E. Elliott, who was the only other passenger on the car at the time plaintiff jumped therefrom, had been taken by defendant at Johnson City, Tennessee. This witness was present at the trial, and testified in behalf of defendant. For the purpose of corroborating the testimony of this witness, defendant offered in evidence several pages of what purported to be his deposition. Upon plaintiff's objection this evidence was excluded. The paper-writing offered as the witness' deposition was not signed by him; there was no evidence tending to show that said paper-writing was signed by the stenographer, or certified by the commissioner as the witness' deposition. It had not been filed in the Superior Court of Yancey County. In the absence of any evidence tending to show that the pages of the purported deposition, offered by defendant, contained a true and correct statement of what the witness had testified, at the time his deposition was taken, these pages were properly excluded. The record does not disclose what the witness Rozier would have replied to the question as to whether he could identify the pages offered by defendant as the testimony of the witness, G. E. Elliott, at the time his deposition was taken at Johnson City. The exception to the exclusion of the answer of the witness to the question is, therefore, not presented to this Court for review, upon defendant's appeal. *Barbee v. Davis,* 187 N. C., 78. We cannot presume that the witness would have replied that he could identify the paper-writing as the deposition of G. E. Elliott. He had testified that the deposition was taken by a stenographer and transcribed by her; there was no evidence tending to show that the witness had ever seen the paper-writing, which purported to be the deposition.

Defendant further excepted to an instruction contained in the charge of the court to the jury. While this instruction, as same appears in the case on appeal, is not clear, and is admittedly confusing with respect to the burden of proof on the first issue, defendant's assignment of error

based on its exception cannot be sustained. There is no error in the instruction, for which the defendant is entitled to a new trial. We think it sufficiently appears therein that the jury were instructed that the burden upon this issue was upon the plaintiff, and that if the jury should fail to find the facts to be as she contended, they should answer the issue, "No." The judgment is affirmed. There is

No error.