JULIA ANN STAMEY v. SOUTHERN RAILWAY COMPANY.

(Filed 1 November, 1935.)

**Carriers C d—A passenger on a moving train is not justified in jumping therefrom by the mere fact that he is being carried beyond his station.**

Evidence tending to show that plaintiff, a passenger on defendant's train, attempted to alight from the train while it was still moving after the train had slowed down without coming to a standstill at the station at a flag-stop where plaintiff intended to get off, *is held* to establish contributory negligence barring plaintiff's action for damages sustained in a fall when she attempted to alight from the train.

APPEAL by plaintiff from *Sink, J.,* at May Term, 1935, of IREDELL.

Civil action to recover damages for alleged negligent injury.

On 27 December, 1933, the plaintiff and her companions, Eula Moore and Daisy Stamey, were passengers on defendant's train, going from Statesville to Catawba, a distance of about twelve miles. As the train approached Catawba Station, the plaintiff and her companions left their seats and went to the end of the car preparatory to leaving the train when it stopped.

Eula Moore testified for the plaintiff, in part, as follows: "I had made the trip lots of times and was familiar with the fact that Catawba was a flag-stop. . . . As the train drew into the station yard, and as our coach was coming under the overhead bridge, about 150 feet east of the station, I left my seat and walked near the door and was standing there waiting for the train to come to a dead standstill so we could walk around and go down the steps. The train was slowing down kinder as it passed under the bridge. . . . Our coach was about 250 feet west of the station and about fifteen feet beyond the end of the raised gravel when we got off. . . . I got off just like if the train was standing still. The train was moving a tiny bit faster but it was moving along slowly. . . . No one was in sight at the time we got off, neither the conductor, the flagman, or any other employee of the railroad. . . . The train did not stop. It was going along slow but never did come to a standstill. We thought we could get off without being hurt, and that is what we did."

From a judgment of nonsuit entered at the close of plaintiff's evidence, she appeals, assigning errors.

*John W. Wallace, Andrew C. MacIntosh, Jr., and John R. McLaughlin for plaintiff.*

*R. C. Kelly, Jack Joyner, and W. C. Feimster for defendant.*

STACY, C. J. A passenger on a moving train is not justified in jumping therefrom to his injury by the mere fact that he is being carried by or beyond his station. *Carter v. R. R.,* 165 N. C., 244, 81 S. E., 321. The general rule is, that a passenger who is injured while alighting from a moving train may not recover for such injuries. *Burgin v. R. R.,* 115 N. C., 673, 20 S. E., 473; *Browne v. R. R.,* 108 N. C., 34, 12 S. E., 958.

There are exceptions to this rule, *e.g.,* when invited to do so by the carrier's agent and it is not obviously dangerous; but, according to the plaintiff's own evidence, the train had passed the station, without stopping, and was moving "a tiny bit faster" when she and her companions jumped. *Lambeth v. R. R.,* 66 N. C., 494. This was an act of contributory negligence on her part which bars recovery. *Morrow v. R. R.,* 134 N. C., 92, 46 S. E., 12; *Denny v. R. R.,* 132 N. C., 340, 43 S. E.,

847; *Watkins v. R. R.,* 116 N. C., 961, 21 S. E., 409. The case is unlike *Johnson v. R. R.,* 130 N. C., 488, 41 S. E., 794, and *Nance v. R. R.,* 94 N. C., 619, cited and relied upon by plaintiff.

We have found nothing upon the record to take the case out of the general rule. The plaintiff thought she could alight in safety. She took a chance and lost.

Affirmed.