GORDON HOLLINGSWORTH, by His Next Friend, L. G. HOLLINGSWORTH, v. GUY A. BURNS, Trading as PARCEL DELIVERY WAGON.

(Filed 29 April, 1936.)

1. **Automobiles C j—Testimony held not to disclose contributory negligence, as matter of law, on part of twelve-year-old plaintiff.**

   Plaintiff's testimony disclosed that at the time of injury he was twelve years old and was playing a game with other boys his age on roller skates, that in the excitement of the game plaintiff was skating at a rapid rate of speed down a driveway towards a street ordinarily not much used, that one of his companions holloed that a car was coming, that plaintiff skated across a plot of grass in a vain attempt to stop before going into the street, that his momentum carried him into the street, where he was hit by defendant's truck. There was ample evidence that at the time of the accident defendant's truck was being driven by his employee at an excessive speed on the wrong side of the street. *Held:* Plaintiff's evidence does not disclose contributory negligence barring recovery as a matter of law, the question of plaintiff's contributory negligence, considering his tender years and the surrounding circumstances, being for the determination of the jury.

2. **Negligence C b—**

   A child of tender years is not held to the same degree of care for his own safety as an adult, but only that degree of care which a child of his years may be expected to possess.

STACY, C. J., dissenting.

CONNOR, J., concurs in dissent.

APPEAL by defendant from *Shaw, J.,* at December Term, 1935, of MECKLENBURG. No error.

Action for damages for personal injury resulting from being struck by the automobile truck of defendant, while plaintiff, a boy of twelve years of age, was playing with some other children on or near a street in the city of Charlotte. It appears that defendant's truck was being driven by his employee on this occasion at a high rate of speed on the left side of the street, at a place where children were playing.

Issues of negligence, contributory negligence, and damages were submitted to the jury, resulting in a verdict thereon in favor of the plaintiff. From judgment on the verdict defendant appealed.

*Carswell & Ervin* for plaintiff, appellee.
*J. Laurence Jones* and *J. L. Delaney* for defendant, appellant.

Devin, J. It is conceded that there was ample evidence of negligence on the part of the defendant's driver warranting the verdict on that issue.

But the appellant's principal assignment of error is to the failure of the judge below to hold, as a matter of law, that the plaintiff on his own testimony was guilty of contributory negligence, barring recovery, and that therefore the motion for judgment of nonsuit should have been allowed.

This renders it necessary to examine the plaintiff's testimony. Pertinent to the question involved, the plaintiff testified substantially as follows:

"I got hurt about 4:30 p.m., 9 January, 1935. It was near my home. Four boys were with me playing hockey with a can on Oakland Avenue. Oakland Avenue connects Central and Eighth streets and is not traveled much. We had skates on our feet. The last I remember I was in street, next came to in hospital, did not hear any automobile horn. I was in the street when I got hit. I was on the sidewalk just before I got hit. We were playing hockey with a can, four of us with skates on. I hit the can past them and scored a point. I was going faster. I cut up on the driveway and went on down the street, and started out in the street when Harlan called me, and I couldn't stop. So, I decided to go on over and when I got about the middle of the street that is all I remember. I was in the driveway and I saw I couldn't stop, I couldn't make it across the street. Harlan holloed a car was coming. The car got me before I got across. I had both skates on. I was going out into the driveway and he holloed and I curved and went across the grass, but it didn't stop me, and I just went on out. I was going out the driveway, and when he called I cut to go across the grass, and I cut off a little corner of grass, but it didn't stop me. The grass was between the sidewalk and the curb of the street. I was going to skate down the

driveway into the street. I thought if I could get on the grass I could stop before I got out into the street. I did the best I could to make it across ahead of this automobile. The boy holloed at me just as I was going down the driveway to go into the street, and then I cut across and hit the corner of the grass, but I couldn't stop. Then I went out into the street. I was going pretty fast and Harlan holloed, 'Look out, there's a car coming.' I realized then if I got out into the street I was liable to be hit, and in order to stop I got on the grass, hoping that I could stop. I was going so fast I couldn't, and I went out into the street. I was not hit before I got to the center of the street, more on the left side of the street. When Harlan holloed I realized that I ought not to go out in the street, and that is the reason I jumped on the grass. I didn't know where the car was, I didn't see it when I started. I tried to stop because he holloed at me that a car was coming. I hit the grass before I went into the street. It didn't stop me. I rolled right across the grass plot and over the curbing into the street. I was going so fast down that incline to the street that I rolled over that grass into the street, and couldn't stop. I was already started in the street when he told me an automobile was coming. I was going too fast to help it; I was already started in the street. I did the best I could to stop. I didn't stop in the center. I thought I could make it and missed it."

The rule as to the contributory negligence of a child has been repeatedly laid down by this Court. In the recent case of *Morris v. Sprott,* 207 N. C., 359, *Schenck, J.,* speaking for the Court, thus states the law: "He is not chargeable with the same degree of care as an experienced adult, but is only required to exercise such prudence as one of his age may be expected to possess; and this is usually, if not always, when the child is not wholly irresponsible, a question of fact for the jury." *Rolin v. Tobacco Co.,* 141 N. C., 300; *Alexander v. Statesville,* 165 N. C., 527; *Fry v. Utilities Co.,* 183 N. C., 281; *Ghorley v. R. R.,* 189 N. C., 634; *Hoggard v. R. R.,* 194 N. C., 256; and *Tart v. R. R.,* 202 N. C., 52.

In *Rolin v. Tobacco Co., supra, Connor, J.,* uses this language: "Within certain ages, courts hold children incapable of contributory negligence. We do not find any case, nor do we think it sound doctrine, to say that a child of twelve years comes within that class. Adopting the standard of the law in respect to criminal liability, we think that a child under twelve years of age is presumed to be incapable of so understanding and appreciating danger from the negligent act, or conditions produced by others, as to make him guilty of contributory negligence."

Here the plaintiff was just twelve years of age and was engaged with other boys in a childish game, on roller skates, on or near a connecting street which was ordinarily not much used. In the excitement of play he skated down an inclined driveway leading to the street, with such

speed that he was carried out into the street and struck by defendant's truck, which was being operated with excessive speed, on wrong side of the road, and without sounding the horn. Too late, he was warned by a companion of the approach of the truck and tried to avoid the accident. He said, "I did the best I could to stop." He was struck and permanently injured.

The courts recognize that the love of play is instinctive in childhood, and that children may be expected to act as children and upon childish impulses. One who possessed profound knowledge of the characteristics of human conduct said, long ago: "When I was a child, I spake as a child, I understood as a child, I thought as a child; but when I became a man, I put away childish things." I Cor. 13:11.

The law wisely takes into consideration the fact that a small boy will have only the understanding and the thought of a child, not that of a man. The street was open for all, children as well as adults, and the use thereof by children for the purpose of play and sport is not necessarily an illegitimate use. *Hoggard v. R. R., supra.*

The able counsel for the defendant frankly admitted that the ruling of the court below in submitting the question of contributory negligence to the jury, under appropriate instructions, was in line with the authoritative decisions of this Court, but he argued that the facts here went beyond the principle laid down in the decided cases, and that the Court should hold as a matter of law that plaintiff's contributory negligence barred his recovery, and that his motion for judgment of nonsuit on that ground should be allowed.

We cannot so hold. To do so would be to require of the plaintiff a higher degree of care, judgment, and discretion than one of his age and experience would be expected to possess. That which might have constituted an error of judgment on the part of an experienced adult may not in law be so charged to a child exercising only the prudence to be expected of one of his age. The question of the contributory negligence of the plaintiff, considering his tender years and in the light of all the surrounding circumstances, was properly submitted to the jury.

The exception to the charge of the court below on the issue of damages cannot be sustained.

No error.

STACY, C. J., dissenting: The point is this: When a 13-year-old plaintiff, who is held competent to testify as a witness, admits on the stand, under examination by the court, "I realized that I ought not to go out in the street. . . . I thought I could make it and missed it," What is the effect of such testimony? Clearly, if this evidence be given its usual significance, the plaintiff cannot recover. He proves himself

out of court. *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601. He says he knowingly took a chance and lost. *Stamey v. R. R.,* 208 N. C., 668, 182 S. E., 130. The judge so stated in charging the jury, but left it to them to say what its effect should be, simply because the plaintiff was under fourteen years of age. This is not the test. *S. v. Satterfield,* 207 N. C., 118, 176 S. E., 466. There is no arbitrary rule as to age. *S. v. Edwards,* 79 N. C., 648. See Wigmore's Principles of Judicial Proof (2d Ed.), sec. 156. Plaintiff's capacity to understand the situation and to appreciate the significance of his testimony was apparent to the court, for he told the jury, "If the boy had been the age of fourteen, or an adult, . . . the court would instruct you as a matter of law that he was guilty of contributory negligence."

That the plaintiff is presumed not to have appreciated the danger at the time of the injury is conceded on all hands. *Ghorley v. R. R.,* 189 N. C., 634, 127 S. E., 634; 20 R. C. L., 123; Note, 27 Ann. Cas., 969. The question is, May this presumption be rebutted by his own testimony? He was twelve years of age at the time of the injury and thirteen at the time of trial.

In the court's opinion, "full faith and credit" is given the plaintiff's testimony as it relates to the negligence of the defendant, but the self-inculpatory statements are apparently disregarded. Do the same rules of evidence apply to this case as in other trials, or is the court to abdicate and allow the jury to "take the case and say how it is"?

The record also discloses that the plaintiff was playing in the street, with others, in violation of an ordinance of the city of Charlotte, when he skated in front of the on-coming truck and was injured. C. S., 4174; *S. v. Abernethy,* 190 N. C., 768, 130 S. E., 619; *Reynolds v. Reynolds,* 208 N. C., 428, 181 S. E., 338; *Lloyd v. R. R.,* 151 N. C., 536, 66 S. E., 604.

CONNOR, J., concurs in dissent.