MABLE SMITH v. SAFE BUS COMPANY, INCORPORATED.

(Filed 16 June, 1939.)

**1. Carriers § 21b—**

Evidence that plaintiff passenger in going to her seat in the bus had turned around to take her seat when the bus jerked and threw her on her right side causing injury to her hip *is held* sufficient to take the case to the jury on authority of *Riggs v. R. R.,* 188 N. C., 366.

**2. Negligence § 20—**

An instruction which correctly defines and explains negligence and proximate cause in abstract terms but fails to apply the law to the facts adduced by the evidence fails to meet the requirements of C. S., 564, and a new trial will be awarded on appellant's exception.

STACY, C. J., concurs in part and dissents in part.

BARNHILL and WINBORNE, JJ., concur in the opinion of *Stacy, C. J.*

APPEAL by defendant from *Sink, J.,* at October Term, 1938, of FOR-SYTH. New trial.

*Elledge & Wells for plaintiff, appellee.*
*Hosea V. Price and Ingle, Rucker & Ingle for defendant, appellant.*

SEAWELL, J. This is an action for recovery of damages for a personal injury alleged to have been sustained by the plaintiff while a passenger on defendant's bus in Winston-Salem.

Two exceptions are taken by the appealing defendant in the course of the trial which we consider worthy of attention:

1. As to the negligence, the plaintiff testified: "I got on the front part of the bus, which was headed up Patterson. I paid the driver five cents. The bus was full of passengers at the time I got on there. *I was on my way to the long seat in the back to take a seat, and just as I went to take a seat the bus driver pulled off, and jerked or throwed me against the back seat. He jerked. I had not sit down when he pulled*

*off and jerked. I had gotten just about ready to sit down. I had turned around on the right side. As I turned to the right side the bus jerked and throwed me on the right side and back. I injured my hip at the point I indicate."*

There was some corroboration as to the location and nature of the injury.

The defendant contends that this is not sufficient evidence of negligence to sustain plaintiff's case, pointing out that the simple word "jerked," as applied to the occurrence, is not sufficient to give to the jury any idea as to the extent or violence of the movement; and that it must be taken into consideration that irregular and sudden movements are, to a certain extent and as a matter of common knowledge, necessarily incident to the operation of a bus. It does, however, indicate a sudden and precipitous starting of the car and a movement of the floor upon which plaintiff was standing sufficiently to throw her off balance and cause her to come in contact with the seat in a manner calculated to cause her bodily harm. In this respect the factual situation cannot be fairly distinguishable from that in *Riggs v. R. R.,* 188 N. C., 366, 124 S. E., 749, and under that authority the evidence takes the case to the jury. The nonsuit was properly overruled.

2. The trial court, with admirable precision and with apt illustration, defined and explained negligence which, proximately resulting in injury, is compensable at law. The defendant objects that these definitions are entirely abstract and that they do not comply with the requirements of C. S., 564, that the law be applied to the evidence.

The courts have been rather meticulous, especially in the matter of negligence, in requiring that the law be explained in its connection with the facts in evidence. We feel that the court was inadvertent to this necessity and the fact that perhaps the jury, being laymen, would not be so apt to see the connection between the principles of law laid down and the facts in the case which so clearly appears to an experienced lawyer or judge. We understand the requirement of the statute to be based upon this reasoning. We do not regard the instruction as adequately meeting the requirements of the statute, and in this respect there is error entitling defendant to a new trial. *Robinson v. Transportation Co.,* 214 N. C., 489; *Farrow v. White,* 212 N. C., 376, 193 S. E., 386; *Williams v. Coach Co.,* 197 N. C., 12, 147 S. E., 435.

New trial.

Stacy, C. J., concurs in the ruling on the exception to the charge and dissents from the ruling on the motion to nonsuit.

The case is grounded on the decision in *Riggs v. R. R.,* 188 N. C., 366, 124 S. E., 749. There, it was held that "a sudden and violent jerk" of a train which threw the *feme* plaintiff, a passenger, against

the iron frame of a seat and severely injured her was sufficient to carry the case to the jury. It is a far cry from the evidence in the *Riggs case,* *supra,* to the evidence in the instant case.

The law is well settled and to the effect that a carrier is not liable for the result of ordinary jolts or jerks incident to the starting or stopping of its conveyances in the usual and customary manner. *Usury v. Watkins,* 152 N. C., 760, 67 S. E., 926; *Marable v. R. R.,* 142 N. C., 557,. 55 S. E., 355; *Murphy v. New Orleans Public Service,* 7 La. App., 612, 169 So., 890. "It has been decided in many cases that the starting of a car with a 'jerk' is not evidence of negligence." *Gollis v. St. Ry.,* 254 Mass, 157, 149 N. E., 607; *Seidenberg v. St. Ry. Co.,* 266 Mass., 540,. 165 N. E., 658.

BARNHILL and WINBORNE, JJ., concur in this opinion.