ISLA E. HILL, ADMINISTRATRIX, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 27 November, 1940.)

**Master and Servant § 27—Evidence held insufficient to show that experienced switchman's fall from train was caused by negligence on part of railroad.**

Plaintiff alleged that her intestate, who was an experienced switchman in defendant's employ, fell or was thrown from the rear of a freight train while it was engaged in switching operations over a bridge. Plaintiff's nonexpert witness testified that the train stopped suddenly when it got over the bridge and that he then heard a splash in the water. Two members of the train crew, as witnesses for plaintiff, testified that there was no sudden or unusual movement of the train. *Held:* Taking plaintiff's evidence in its entirety, it is insufficient to make out a case of actionable negligence against the defendant.

APPEAL by plaintiff from *Frizzelle, J.,* at February Term, 1940, of NEW HANOVER.

Civil action to recover damages for death of plaintiff's intestate alleged to have been caused by the wrongful act, neglect or default of the defendant.

MILLS v. CHARLOTTE.

Plaintiff's intestate had been in the employ of the defendant for twenty-seven years. He was an experienced switchman. It is alleged that he fell, or was thrown, from the rear of a freight train while engaged in a switching operation near Wilmington when the train he was on passed over the bridge at Smith Creek.

A 17-year-old Negro boy who was fishing in the creek at the time testified for the plaintiff as follows: "When the engine got over the bridge it stopped all of a sudden. They stopped it is all I know. After the engine got over the bridge the cars stopped all of a sudden, and then I heard a splash in the water."

The body of the deceased was later found in Smith Creek about fifteen feet west of the bridge.

Two members of the train crew were called as witnesses for the plaintiff. They testified as follows:

E. F. Pittman: "There was nothing unusual in the movement of the train that day, no jerking or sudden stopping."

R. L. Allen: "There was no sudden stop or jerk of the train that day to throw an experienced man off the train."

From a judgment of nonsuit at the close of plaintiff's evidence, she appeals, assigning error.

*Bullard & Bullard and Rodgers & Rodgers for plaintiff, appellant.*
*Poisson & Campbell and Alan A. Marshall for defendant, appellee.*

PER CURIAM. Taking the plaintiff's evidence in its entirety, we agree with the trial court that it is wanting in sufficiency to make out a case of actionable negligence against the defendant. *Usury v. Watkins,* 152 N. C., 760, 67 S. E., 926. *Cf. Smith v. Bus Co.,* 216 N. C., 22, 3 S. E. (2d), 362.

Affirmed.