DEVIN, J., concurs in result.
CLARKSON, J., dissenting.
SEAWELL, J., concurring in dissent.
Civil action for recovery for injury allegedly resulting from actionable negligence of defendant.
In the trial court, the evidence, briefly stated, tends to show that on 12 October, 1938, the date of injury to plaintiff, U.S. Highway No. 301 — also numbered U.S. 70 — between Smithfield and Selma in this State, had an old paved surface 18 feet in width; that defendant was engaged in constructing an additional strip of concrete 6 feet wide along and adjoining the west edge of said old pavement, and had finished same with exception of space 40 to 60 to 100 feet at the point where Buffalo Creek passes under the highway; that there was a concrete culvert under the highway through which the water of that creek flowed; that in said unfinished space the surface was 10 to 12 inches below the paved surface of the highway; that adjacent to this unfinished portion, the old pavement was intact to its full width, and open to traffic.
Plaintiff offered evidence tending to show that between seven and eight o'clock on the night of above date, while he was traveling north in his automobile, from Smithfield to Selma, at a rate of speed 30 to 35 miles per hour, along his right-hand side of the old pavement, and approaching Buffalo Creek, an unidentified truck traveling south from the direction of Selma toward Smithfield, at a rate of speed 25 to 30 miles per hour, on its right-hand side of the road, was also approaching Buffalo Creek; that each of them dimmed the lights on his vehicle; that suddenly the truck turned to its left side of the road, "coming across the corner of the road," into the lane in which plaintiff was traveling; that in order to avoid collision with the truck plaintiff drove his automobile on to the shoulder on his right side; that in doing so he lost control of it and in turning back on to the old pavement lost control and ran across the pavement into the said unfinished space against the culvert on his left side of the road, thereby wrecking his automobile and causing the injury of which complaint is made.
Plaintiff further offered evidence tending to show that while he knew that the road had been under construction, there were then no warning signs or lights at Smithfield to indicate to him, or at Selma to indicate *Page 481 
to the driver of the truck, that the road was still under construction; and that there were no barricades or lights at either end of the unfinished space in the strip on the west side of the road to warn of its existence; and that in approaching the place he assumed that it was completed.
Plaintiff further offered evidence tending to show that the unfinished space so blended with the road as to be unobservable to plaintiff and others traveling upon the highway, until within 40 or 60 feet of it.
On the other hand, defendant offered evidence tending to show that there were large signs it had placed at each end of the project, at Smithfield and at Selma, warning of danger on account of road being under construction, which signs were properly lighted by flambeaux, or Toledo torches; and that at Buffalo Creek there was a small barricade at each end of the unfinished portion and several feet in front of each there was a flambeau, or Toledo torch.
Plaintiff in his complaint alleges in substance that his injury was proximately caused by the negligence of defendant in failing to exercise ordinary care in the performance of its duty to provide adequate warning signs at the unfinished strip of pavement to indicate to the traveling public the danger there.
Defendant denies the allegations of negligence. On the other hand, defendant avers that proper warning signs, barricades and lights were provided, and pleads contributory negligence of plaintiff in bar of his right to recover.
The case was submitted to the jury upon issues as to negligence, contributory negligence and damage. From judgment on adverse verdict, defendant appeals to Supreme Court and assigns error.
When the evidence in the record on this appeal is taken in the light most favorable to plaintiff, giving to him the benefit of every reasonable intendment, we are of opinion that the case is one for the jury. Hence, exceptions to refusal of the court below to allow defendant's motions, aptly made, for judgment as in case of nonsuit are overruled. But there is error in the trial below.
The exceptions to the charge and to the failure to charge are well taken and meritorious. They are directed (1) to that portion of the charge which reads as follows: "The court has stated to you and has defined to you as clearly as it could, the principles of law applicable to these controverted questions. You are to bear them in mind and apply them to the facts and the evidence in this case," and (2) to the failure of the court to declare and explain the law, particularly pertaining to *Page 482 
negligence, contributory negligence, concurring negligence, intervening or insulating negligence, and that relating to sudden emergencies arising upon the evidence in the case as required by the provisions of C. S., 564, which prescribes that the judge "shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon."
It is appropriate to pause here and to note that this statute, C. S., 564, had its inception in the year 1796, in an act of the Legislature entitled "An act to secure the impartiality of trial by jury, and to direct the conduct of judges in charges to the jury." As thus originally enacted section one of the act reads: "It shall not be lawful for any judge, in delivering a charge to the petit jury, to give an opinion whether a fact is fully or sufficiently proved, such matter being the true office and province of the jury; but it is hereby declared to be the duty of the judge in such case to state in a full and correct manner the facts given in evidence, and to declare and explain the law arising thereon." Iredell's Law 1796, ch. 4, sec. 1. The provisions of this act, in substantially identical language, have been brought down through successive subsequent legislative enactments by which codifications of the law have been adopted. See Potters Laws of North Carolina (1821), Vol. 1, ch. 452, sec. 1; Revised Statutes (1837), ch. 31, sec. 136; Revised Code (1854), ch. 31, sec. 130; Code of Civil Procedure (1868), sec. 237; Battle's Revisal (1873), ch. 17, sec. 237; Code of 1883, sec. 413; Revisal of 1905, sec. 535; Consolidated Statutes of North Carolina, 1919, sec. 564. Charges in both civil and criminal actions are expressly included in the statute. See Code of 1883, sec. 413, and succeeding citations supra.
Thus, it is seen that for one hundred and forty-five years the Legislature of this State has seen fit to preserve this salutary statute, and, from time to time, to reiterate and approve its provisions of inhibition against the judge invading the province of the jury in the trial of an action, and prescribing his duty upon such trial with respect to the evidence and the law. The two provisions are linked together, and are of equal dignity. To fail to observe either is error. Moreover, referring to this statute in the case of S. v. Newsome, 195 N.C. 552, 143 S.E. 187, this Court, speaking through Connor, J., said: "The wisdom of the policy upon which it was enacted and in accordance with which it has since been maintained as the law in this State is not for the courts to determine."
Furthermore, the decisions of this Court are uniform in holding that the failure of the presiding judge to declare and explain the law arising upon the evidence is and will be held for error. These are some of the cases: S.v. Matthews, 78 N.C. 523; S. v. Rogers, 93 N.C. 523; S. v. Merrick,171 N.C. 788, 88 S.E. 501; Hauser v. Furniture Co., 174 N.C. 463,93 S.E. 961; Nichols v. Fibre Co., 190 N.C. 1, 128 S.E. 471 *Page 483 
; Wilson v. Wilson, 190 N.C. 819, 130 S.E. 834; Watson v. TanningCo., 190 N.C. 840, 130 S.E. 833; Williams v. Coach Co., 197 N.C. 12,147 S.E. 435; Spencer v. Brown, 214 N.C. 114, 198 S.E. 630; Smith v.Bus Co., 216 N.C. 22, 3 S.E.2d 362; Mack v. Marshall Field Co.,218 N.C. 697, 12 S.E.2d 235; Kolman v. Silbert, ante, 134,12 S.E.2d 915.
"The statement of the general principles of law, without an application to the specific facts involved in the issue, is not a compliance with the provisions of the statute." Nichols v. Fibre Co., supra; Williams v. CoachCo., supra; Spencer v. Brown, supra; Mack v. Marshall Field Co., supra.
In S. v. Matthews, supra, it is said: "We think he (the judge) is required, in the interest of human life and liberty, to state clearly and distinctly the particular issues arising on the evidence, and on which the jury are to pass, and to instruct them as to the law applicable to every state of the facts which upon the evidence they may reasonably find to be the true one. To do otherwise is to fail to `declare and explain the law arising on the evidence,' as by the act of Assembly he is required to do. C. C. P., sec. 237," now C. S., 564.
Speaking to the question in S. v. Merrick, supra, Hoke, J., said: "The authorities are at one in holding that, both in criminal and civil causes, a judge in his charge to the jury should present every substantial and essential feature of the case embraced within the issue and arising on the evidence, and this without any special prayer for instruction to that effect. Charged with the duty of seeing that impartial right is administered, it is requirement naturally incident to the great office he holds, and made imperative with us by statute law. Rev., 535," now C. S., 564.
In Wilson v. Wilson, supra, Varser, J., stated: "This statute, C. S., 564, created a substantial legal right in the parties." Nichols v. FibreCo., supra; Williams v. Coach Co., supra; Spencer v. Brown, supra.
The case of Mack v. Marshall Field Co., supra, is strikingly similar to that in hand. There, Schenck, J., writing for the Court, makes this pertinent observation: "A careful examination of the charge as it relates to the issue addressed to the actionable negligence of Marshall Field 
Company (the first issue submitted) discloses that it is made up solely of statements of general principles of law, such as definitions of negligence and of proximate cause, and the contentions of the parties — with a proper placing of the burden of proof. There is no direct application by the court of the law to the evidence. This is a noncompliance with the statute."
In the present case it is appropriate to consider the charge in the light of the statutory duty thus imposed upon the presiding judge, and in the light of the factual situation in hand. *Page 484 
A reading of the charge discloses that as to the issue, "Was the plaintiff injured and damaged by the negligence of the defendant, as alleged in the complaint?" the court stated the rule of law as to burden of proof, gave a general definition of negligence and actionable negligence, that is, negligence, proximate cause and injury, and stated the rule of law as to duty of driver of motor vehicle to stop within the range of his lights. In other respects the charge consists of: (1) Statement of the contentions of plaintiff as to what the evidence tends to show relative to negligence of defendant, proximate cause, intervening negligence of operator of the truck, and injury to plaintiff, "so that, upon the evidence offered by him he contends you ought to be satisfied by its greater weight that his contentions are true and answer that issue `Yes.'" (2) Statement that defendant contends that the jury ought not to find upon the evidence that defendant was "in any wise, or in any degree, negligent" and ought not to answer the issue "Yes," followed by statement of contentions of defendant as to what the evidence tends to show (a) as to the proper performance of its duty to plaintiff and others traveling upon the highway, in accordance with the rule of the prudent man; (b) as to the negligence of the truck as the sole cause of injury to plaintiff; and (c) as to principle of intervening negligence of the operator of the truck as the proximate cause of injury to plaintiff, upon all of which defendant contends the jury should answer the issue "No." (3) These instructions, in summation: "So that, gentlemen, ultimately it becomes a question of fact for you. (The court has stated to you and has defined for you as clearly as it could, the principles of law applicable to these controverted questions. You are to bear in mind and apply them to the facts and the evidence in this case.)" Exception. "If the plaintiff has satisfied you upon the evidence, and by its greater weight, that his allegations are true and correct that he was injured by the negligence of the defendant, then you would answer the first issue `Yes.' If the plaintiff has failed to so satisfy you upon the evidence, by its greater weight, then you would answer the first issue `No.'"
As to the issue of contributory negligence, the charge consists of: (1) A proper placing of burden of proof; (2) definition of and general principles of law relating to contributory negligence; (3) statement of the contentions of defendant, and of the plaintiff, followed by summation as to each similar to those given as bearing on issue of negligence.
While it was probably an oversight on the part of the presiding judge, the charge fails to give any instruction as to the law arising upon and applicable to the facts which the jury may find from the evidence. It fails to declare and explain the duties which the law imposed upon the defendant with respect to the matters involved in the allegations of negligence. It fails to instruct the jury as to the law with respect to the *Page 485 
breach of any of these duties, and the relation of such breach to the injuries as the proximate or concurrent cause thereof. It fails to state the duties imposed by law upon the operator of the truck with respect to any of the matters involved in the averments of intervening negligence, other than that pertaining to stopping within the range of his lights, or as to the law with respect to the breach of any of these duties, and the relation of such breach to the injuries to plaintiff as the proximate cause thereof. It fails to declare and explain the duties imposed by law upon the plaintiff with respect to any of the matters involved in the averments of contributory negligence. It fails to instruct the jury as to the law with respect to the breach of any of these duties, and the relation of such breach to his injuries, as the proximate or concurrent cause thereof.
These failures affect substantial rights of the parties, and are reversible error.
Also, defendant presents with force objections to the admission of evidence, which is the subject of exceptions 1, 2, 3, 4, 5, 13, and 14, and of exceptions 16, 17, and 18. But, as cause for the objection may not occur upon another trial, we deem it unnecessary to discuss them.
For error pointed out a new trial is ordered.
New trial.
DEVIN, J., concurs in result.