FRED CARTER, BY HIS NEXT FRIEND, F. O. CARTER, v. WAYNE BAILEY.

(Filed 6 May, 1942.)

**Automobiles § 19—**

Ordinarily, a gratuitous passenger is not entitled to recover for injuries sustained while attempting to get on the moving vehicle.

APPEAL by plaintiff from *Bone, J.,* at November Term, 1941, of COLUMBUS.

Civil action to recover for personal injuries allegedly received by plaintiff while in act of boarding a moving truck of defendant resulting from actionable negligence of employee of defendant. Defendant denies (1) authority of his employee to invite plaintiff to ride, and (2) negligence of his employee in operation of truck, and pleads contributory negligence of plaintiff.

From judgment as of nonsuit at close of all the evidence plaintiff appeals to Supreme Court and assigns error.

*E. M. Toon and Varser, McIntyre & Henry for plaintiff, appellant.*
*A. B. Brady and Tucker & Proctor for defendant, appellee.*

PER CURIAM. If it should be conceded that there is evidence of negligence, and of authority of the employee of defendant, *Hayes v. Creamery Co.,* 195 N. C., 113, 141 S. E., 340, plaintiff, by his own testimony, brings himself within the general applicable rule that passengers who are injured while attempting to get on or off a moving train cannot recover for injury. *Browne v. R. R.,* 108 N. C., 34, 12 S. E., 958; *Carter v. R. R.,* 165 N. C., 244, 81 S. E., 321; *Stamey v. R. R.,* 208 N. C., 668, 182 S. E., 130; *Wingate v. R. R.,* 220 N. C., 251, 17 S. E. (2d), 6.

Affirmed.