JOE HALLOW v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 24 March, 1943.)

**1. Negligence § 11—**

Only where on the face of the complaint itself the contributory negligence of the plaintiff is patent and unquestionable, so as to bar his recovery, will the court allow advantage to be taken thereof by demurrer instead of by answer.

**2. Negligence § 19b—**

Where the complaint, in an action against a railroad for negligence, alleges that plaintiff entered the train, assisting a passenger, with the permission of the conductor and porter and with their assurance that there was ample time, and before he could get a seat for his companion the train started, and when he hastened to the platform he found the door closed over the steps and open above, and before he could return to the car a sudden jerk or lunge threw him out of the door and as he was falling to the ground, he caught the handbar at the entrance steps and was injured. *Held:* Demurrer *ore tenus*, on the ground that the complaint does not state a cause of action, was properly overruled.

APPEAL by defendant from *Burgwyn, Special Judge,* at February Term, 1943, of WAYNE.

Civil action to recover damages for alleged negligent injury.

The complaint alleges:

1. That on 6 April, 1942, the plaintiff purchased a ticket for his daughter and as they were about to enter one of the defendant's trains at Wilson, N. C., the plaintiff asked the porter and conductor, who were standing upon the ground, if he would have sufficient time to accompany his daughter upon the train for the purpose of finding her a seat and assisting her with her baggage, and being advised that he might enter the train and that there was ample time for him to do so, he went into the car and attempted to find a seat for his daughter; that only a few minutes elapsed when, to his amazement, he discovered the train was in motion; that the plaintiff thereupon hastened to the platform and found the bottom part which covered the steps closed and the door portion open.

2. That upon this discovery, the plaintiff immediately decided to remain upon the train, but before he could return to the coach those in charge of the operation of the train carelessly and negligently caused said train to make a sudden jerk or lunge, which threw the plaintiff out through the door, and as he was falling to the ground, he caught the handbar at the entrance steps and was injured.

3. That the defendant was negligent in the following particulars:

(a) In closing the platform steps when the defendant's employees knew that plaintiff expected to alight from the train before it started.

(b) In permitting the door on the platform to remain open while the train was in motion.

(c) In causing the train to be suddenly and violently jerked, thus throwing the plaintiff, who was on the platform, out through the open door.

The defendant interposed a demurrer *ore tenus* to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Demurrer overruled. Defendant appeals, assigning error.

*Langston, Allen & Taylor and Paul B. Edmundson for plaintiff, appellee.*

*Thomas W. Davis, D. H. Bland, and W. B. R. Guion for defendant, appellant.*

STACY, C. J. The thesis of the demurrer is, that plaintiff was contributorily negligent in attempting to alight from a moving train, which bars recovery, and that this affirmatively appears from the complaint. *Stamey v. R. R.,* 208 N. C., 668, 182 S. E., 130; *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761; *Morrow v. R. R.,* 134 N. C., 92, 46 S. E., 12; *Burgin v. R. R.,* 115 N. C., 673, 20 S. E., 473.

We do not so understand the allegations of the complaint. It is alleged that when the plaintiff discovered he could not alight in safety he immediately decided to remain on the train. This is what he should have done according to the opinion in *Morrow's case, supra.*

The negligence of which the plaintiff complains became active and hurtful after he had decided to return to the coach. His injury then resulted, not from an effort on his part to alight from the train while in motion, but from the failure of the defendant to allow him reasonable time to depart and from the jerk which threw him through the open door. *Riggs v. R. R.,* 188 N. C., 366, 124 S. E., 749. He was on the platform as a result of the permission and assurance which the porter and the conductor had previously given him. He entered the train with their knowledge and consent. They knew the plaintiff expected to leave the train before it started and they had advised him that he had ample time to do so. At least, this is what he alleges, and for the purpose of the demurrer, it is to be taken as true.

Speaking to a similar pleading in *Ramsey v. Furniture Co.,* 209 N. C., 165, 183 S. E., 536, where the authorities are fully reviewed, *Devin, J.,* writing for the Court, says: "So that it must be held that only where on the face of the complaint itself the contributory negligence of the plaintiff is patent and unquestionable, so as to bar his recovery, will the court allow advantage to be taken thereof by demurrer instead of by answer, as required by the statute."

---

---

The plaintiff is entitled to a liberal interpretation of his complaint. C. S., 535. So construed, it appears to be good as against a demurrer. Affirmed.