FLOYD MERRELL v. CLYDE W. KINDLEY, JR.

(Filed 9 May, 1956.)

1. **Automobiles § 7—**

   Negligence is not to be presumed from the mere fact that an accident has occurred.

2. **Automobiles §§ 33, 41l—**

   Evidence disclosing only that plaintiff, in the act of crossing a street inside a block, had taken two steps into the street and, while in the act of taking a third, heard a horn, turned around and was hit by plaintiff's car, is *held* insufficient to show actionable negligence, and nonsuit was proper.

APPEAL by plaintiff from *Preyer, J.,* 27 February Civil Term, GUIL-FORD Superior Court.

Civil action to recover damages plaintiff alleges he sustained as a result of being run over as he attempted to walk across Battleground Avenue in the City of Greensboro. The complaint contains appropriate allegations of negligence, proximate cause, injury, and resulting damage. The defendant by answer denied negligence on his part and alleged contributory negligence on the part of the plaintiff. The plaintiff by reply denied contributory negligence and alleged the defendant had the last clear chance to avoid the injury.

The plaintiff's evidence paints the following picture: Battleground Avenue in the City of Greensboro is a paved street 48 or 50 feet wide. It runs east and west. On 19 June, 1955, at about 6:00 p.m. the plaintiff, a pedestrian, intending to cross Battleground Avenue from south to north (inside the block), looked to the west where he had a view of about 60 feet, saw nothing. Then he looked to the east where he saw an approaching car going west. After waiting at the curb for it to pass on the north traffic lane of Battleground Avenue, he started across and, to quote his own words: "To summarize what I have just said, I had taken two steps from the curb across Battleground. I heard the sound of a horn and I turned to the right, turned clear around, so that as I turned I was facing east. I had not been able to take a step toward the curb. In other words, just as I turned, he hit me." The plaintiff had previously testified that he did not see the approach of defendant's car which was going east. There were no skid marks. There was no evidence of the speed of the car. There was evidence the plaintiff stepped out from a position between a light pole and a mailbox, took two steps into the street and while he was in the act of taking the third step he heard a horn, turned around and was hit on the right hip. There was medical evidence of the nature and extent of plaintiff's injuries and other evidence as to his loss of time from work. At the close of the plaintiff's evidence a motion for nonsuit was allowed and from the judgment accordingly, the plaintiff appealed.

*E. L. Alston, Jr., for plaintiff, appellant.*
*Deal, Hutchins & Minor,*
*By: Roy L. Deal, for defendant, appellee.*

PER CURIAM. The only question presented is the sufficiency of the evidence of negligence to withstand the motion for nonsuit. Negligence is not to be presumed from the mere fact that an accident has occurred. The only evidence in the record against the defendant is that he sounded his horn and his car hit the plaintiff. All else is left to conjecture. In

no aspect of the case does the evidence show actionable negligence. Consequently the judgment of nonsuit must be

Affirmed.