LUCY MAY CARTER, ADMINISTRATRIX OF THE ESTATE OF JUDITH MAY CARTER v. JAMES WOODSON SHELTON.

(Filed 14 December, 1960.)

**1. Trial § 22a—**

Upon motion to nonsuit, the evidence is to be considered in the light most favorable to plaintiff, giving him the benefit of every reasonable inference to be drawn therefrom.

**2. Automobiles §§ 41m, 42l—**

Evidence tending to show that defendant was traveling north some 50 to 65 miles per hour along a highway partially covered with ice and snow, that two children, one of whom was the twelve year old intestate, slid down the driveway of a house on defendant's right side of the road, across his lane of traffic, and turned north on defendant's left side of the road, where the sled was struck by defendant's vehicle. resulting in the fatal injury of intestate, *is held* to raise the issues of negligence and contributory negligence for the determination of a jury.

**3. Negligence § 16—**

A twelve year old child is presumed to be incapable of contributory negligence, although this presumption is rebuttable.

APPEAL by plaintiff from *Sink, Emergency Judge,* March Civil Term, 1960, of ROCKINGHAM.

This is a civil action to recover for the wrongful death of plaintiff's intestate, resulting from the alleged negligence of the defendant in the operation of his automobile.

Judith May Carter, a girl twelve years of age, while riding on a sled, was run over by the defendant and killed. The accident occurred on 13 December 1958 on the Lick Fork Road in the Ruffin community in Rockingham County.

An early December snow had fallen; snow plows had pushed the major portion of the snow off the traveled portion of the road, leav-

ing a ridge of snow on both sides of the road. On the above date, around 3:30 o'clock in the afternoon, ten or twelve boys and girls of the Ruffin community were gathered in the yard of the L. W. Worsham home. These children had their sleds and were playing and riding on the snow and ice. The Worsham home is situated to the east of the Lick Fork Road and is on higher ground than the road. The driveway extends from the Worsham home downgrade to Lick Fork Road. Where the driveway intersects the highway it spreads out in a fan shape and is 47 feet wide. The Lick Fork Road is a public highway which runs in front of the Worsham home in a general northerly and southerly direction. The Worsham yard is enclosed by a fence consisting of concrete posts and three horizontal railings. From the south corner of the Worsham fence to the entrance of the Worsham driveway the distance is 86 feet. Lick Fork Road is partly paved and partly unpaved. The road is paved in front of the Worsham home and northwardly as it proceeds through the village of Ruffin. The road is unpaved beginning at a point 50 feet south of the Worsham property. Approaching the Worsham home from the south, the road is upgrade and curves slightly to the right and levels off in front of the Worsham home and then proceeds a little downgrade to the north. The unpaved portion of the road was free of snow except in spots; the paved portion was frozen over and slick, but was beginning to melt in spots. Snow covered the fields on the sides of the road.

The evidence tends to show that as the defendant approached the Worsham driveway on the Lick Fork Road coming from the south, he was traveling at an estimated speed of 65 miles an hour. The lowest estimate of his speed by any witness was 50 to 60 miles an hour.

The route taken by the children on their sleds was to start near the Worsham home and go down the driveway, curving to the right on the fan-shaped entrance into the Lick Fork Road and to proceed along the road to the north.

Linda Lauder, riding on Jimmie Worsham's sled, with Judith Mae Carter (the deceased) on the back of the sled, started down the Worsham driveway, curved to the right at the intersection of the driveway with the highway, and turned north. In making the turn into the highway, the sled crossed the northbound lane of traffic and turned north into the southbound lane of traffic, and at the time of the collision, the sled on which these girls were riding was proceeding in a northerly direction on the left-hand side of the highway. The defendant's car began to veer to its left into the southbound lane

of traffic 113.93 feet south of the point of impact. From the point of impact to where the defendant's car stopped the distance was 157 feet 8 inches, and 190 feet north from the center of the driveway. The defendant's car stopped at a point only 15 or 20 feet from a group of children who were walking along the highway. The evidence further tends to show that at the time the girls came into the road the defendant's car was "sliding on the snow and ice * *. *." There is also evidence tending to show that the defendant did not blow his horn.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was allowed and the plaintiff appeals, assigning error.

*Smith, Moore, Smith, Schell & Hunter for defendant.*
*Gwyn & Gwyn for plaintiff.*

DENNY, J. The sole question for determination on this appeal is whether or not the court below committed error in sustaining the defendant's motion for judgment as of nonsuit.

In considering the evidence adduced in the trial below, in connection with the motion for nonsuit, the plaintiff is entitled to have such evidence considered in the light most favorable to her and she is likewise entitled to the benefit of every reasonable inference to be drawn therefrom. *Pierce v. Insurance Co.*, 240 N.C. 567, 83 S.E. 2d 493; *Transport Co. v. Insurance Co.*, 236 N.C. 534, 73 S.E. 2d 481; *Hat Shops v. Insurance Co.*, 234 N.C. 698, 68 S.E. 2d 824; *Winfield v. Smith*, 230 N.C. 392, 53 S.E. 2d 251.

In the case of *Wise v. Lodge*, 247 N.C. 250, 100 S.E. 2d 677, the evidence tended to show that the defendant was driving her car at a speed of approximately 35 to 40 miles per hour on a highway covered with ice and snow. The defendant's car skidded to the left into the car of plaintiff, which was being driven in its proper lane in the opposite direction. This Court, speaking through *Parker, J.*, said: "Viewing the evidence in the light most favorable to the plaintiff, as we are required to do on a motion for judgment of nonsuit, it permits the legitimate inference that the skidding of defendants' automobile was caused by her failing to exercise due care in the operation of her automobile commensurate with the known and obvious dangerous condition of the highway, in that she was driving it without chains on a highway covered with ice at a speed of approximately 35 to 40 miles an hour, that such speed was greater than was reasonable and proper under the conditions then existing, and that

she in the exercise of reasonable care might have foreseen that the ice on the highway and the speed of her automobile without chains made the skidding of her automobile probable, and that from such skidding consequences of a generally injurious nature might be expected."

In *Hollingsworth v. Burns*, 210 N.C. 40, 185 S.E. 476, the plaintiff was 12 years of age and was engaged with other boys in a childish game, on roller skates, on or near a connecting street which was ordinarily not much used. In the excitment of play, the plaintiff skated down an inclined driveway leading into the street, with such speed that he was carried out into the street and was struck by defendant's truck, which was being operated at an excessive speed, on the wrong side of the road, and without sounding the horn. On appeal by the defendant from a verdict in favor of plaintiff, this Court held that the case was properly submitted to the jury on the issues of negligence, contributory negligence and damages.

This Court has cited with approval many times the case of *Rolin v. Tobacco Co.*, 141 N.C. 300, 53 S.E. 891, 7 L.R.A. (N.S.) 335, 8 Ann. Cas., 638, in which opinion it is said: "Within certain ages, courts hold children incapable of contributory negligence. We do not find any case, nor do we think it sound doctrine, to say that a child of 12 years comes within that class. Adopting the standard of the law in respect to criminal liability, we think that a child under 12 years of age is presumed to be incapable of so understanding and appreciating danger from the negligent act, or conditions produced by others, as to make him guilty of contributory negligence." Of course, this presumption is a rebuttable one. See *Walston v. Greene*, 247 N.C. 693, 102 S.E. 2d 124, where the cases on this subject are assembled and discussed in an exhaustive opinion by *Parker, J.*

The appeal before us presents an extremely close case. However, when the slick and icy condition of the road is considered, together with the speed the defendant's automobile was being operated under the conditions then existing, and the further fact that the defendant at the time of the collision was operating his car on the left side of the highway, in our opinion, it is a case for the jury, with proper instructions on the issues of negligence, contributory negligence and damages.

Reversed.