MRS. DELLA MAE BREWER, ADMINISTRATRIX OF THE ESTATE OF NORMA
   CAROLINE BREWER, DECEASED, v. ELMER E. GREEN AND MARY
   WATSON.

(Filed 3 May, 1961.)

**1. Trial § 23a—**
   While the evidence must be considered in the light most favorable
to plaintiff on defendant's motion to nonsuit, when the evidence, so
considered, is insufficient to support the cause of action alleged in the
complaint, judgment of nonsuit will be upheld.

**2. Automobiles § 41m—   Evidence held insufficient to be submitted to**
   **jury on issue of negligence in striking child on highway.**
   Evidence tending to show that children were standing on the eastern
side of the highway, that, as plaintiff's vehicle approached from the
south, one of the children ran into the highway at about the time the
car was even with where they were standing, and that the right front
of defendant's car struck this child, inflicting fatal injuries, when the
child was about the center of the highway, without evidence that the
vehicle was travelling at excessive speed, *is held* insufficient to show
actionable negligence on the part of defendant even though the vehicle
was over the center line of the highway to the driver's left at the
moment of impact, there being evidence supporting the inference that
the driver pulled the car to the left in an effort to avoid hitting the
child.

**3. Automobiles § 36:   Negligence § 21—**
   There is no presumption of negligence from the mere fact of an acci-
dent and injury.

PARKER, J. Dissents.

APPEAL by plaintiff from *Pless, J.,* January Term 1961 of CALD-
WELL.
   This is a civil action instituted to recover for the alleged wrongful
death of the plaintiff's intestate.
   Plaintiff's evidence shows that the accident in question happened
on Highway No. 268 in Caldwell County, North Carolina, on 15
January 1960, about 3:30 p.m. The weather was clear and the sun
was shining. Plaintiff's intestate, Norma Caroline Brewer, was six
and one-half years of age. She and her brother, Roger, nine years
of age, her sister, Shirley, eleven years of age, and Patricia Austin,
thirteen years of age, had started to a neighbor's home, Mrs. Bolick's,
to get some milk. Mrs. Bolick's house is located on the west side
of Highway No. 268, north of where Hollywood Ridge Road inter-
sects with Highway No. 268, about one-fourth of a mile from the
Brewer home.
   The Brewer family lived on the Hollywood Ridge Road a very

short distance from where it intersects with Highway No. 268. Highway No. 268 runs approximately north and south; the highway is paved and is approximately twenty feet wide, with shoulders on either side approximately two feet wide.

The 1960 Chevrolet sedan involved in the accident was owned by the defendant Elmer E. Green and was being driven by the minor defendant Mary Watson, nineteen years of age, and for whom a guardian *ad litem* was duly appointed to represent her in this litigation.

In approaching the intersection of the Hollywood Ridge Road from the south, the direction from which the defendant Mary Watson was traveling, there is a curve in the road, and as one travels north from the apex of the curve on Highway No. 268 it is approximately 250 feet to the intersection of Hollywood Ridge Road. As one rounds the curve in Highway No. 268 there is a clear view to the north of approximately three-quarters of a mile.

The evidence further tends to show that these children arrived at the northeastern intersection of the above roads and stopped on the shoulder or near the eastern edge of Highway No. 268. Patricia Austin testified: "Norma, Roger, Shirley and I were standing there waiting to cross. I was the first one to the south. I had a clear view of the road. This car was coming and Norma stepped out into the road just about the center line — approximately the center line when it hit her. I looked for a car before Norma went into the road. There was one going south, it went on. There was a car to the left when Norma entered the road * * *.I saw the right front of the car hit her. It went on over into Mrs. Taylor's driveway. I did not hear the sound of a horn. I did not see the car slow down and did not hear the sound of brakes. I don't have any idea how fast the car was going. I am 14 years old."

On cross-examination, this witness testified: "Norma ran into the road. The car was coming from the south. I grabbed Roger to keep him from going into the road. He made a movement as to step into the road. I put my hand on his shoulder. * * * Yes, she (Norma) ran into the front right-hand side. * * * I saw the car coming from the south to our left. * * * The car was on the right-hand side of the road." On redirect examination this witness further said: "When I saw it here (indicating on a diagram of the road which had been drawn on a blackboard by the Highway Patrolman) it was on the right-hand side of the road. The front of the car hit the child."

Roger Brewer testified on cross-examination: "We went out to the shoulder of the road. We didn't get out on the pavement. We were waiting to cross to the other side of the highway. I didn't start

to run across the highway. I started to * * * walk — not in front of the car. The car had already started and I started and Pat pulled me back. No, Norma didn't get across — she started to run across. She didn't make it. Yes, the car was about even with us when we all started to cross." This witness further testified on redirect examination that as the car approached them "the line was * * * under it." Then he said: "There was no center line or yellow line when it happened."

Shirley Brewer testified: "I was on the road with the other children. * * * I started to look to see if anything was coming, and I saw the car coming and I was going to take hold of Norma's hand, but I did nothing, and the car hit her and went on into Mrs. Taylor's driveway, and she (Norma) was lying right across the center line."

The evidence also tends to show that the body of the plaintiff's intestate, after being struck by the right front of the automobile, came to rest in the middle of the road approximately 96 feet from the intersection of the roads. The speed limit on Highway No. 268, where the accident occurred, was 55 miles per hour. There was no evidence of excessive speed or of skid marks on the road. The driver of the car turned into Mrs. Taylor's driveway and properly parked the car. This driveway was approximately fifty feet from where the injured child was lying in the middle of the highway. The Highway Patrolman testified: "It is approximately 100 feet from the mail boxes where the girls were standing to Mrs. Taylor's driveway." Plaintiff's intestate died as a result of her injuries about 11:00 p.m. on the same day she was injured.

At the close of plaintiff's evidence the defendants moved for judgment as of nonsuit. The motion was allowed and plaintiff appeals, assigning error.

*Fate J. Beal for plaintiff appellant.*
*Townsend & Todd for defendants appellee.*

DENNY, J. The plaintiff assigns as error the ruling of the court below sustaining the defendants' motion for judgment as of nonsuit at the close of the plaintiff's evidence.

We must consider the evidence in the light most favorable to the plaintiff in passing on a motion for judgment as of nonsuit. *Brinson v. Mabry,* 251 N.C. 435, 111 S.E. 2d 540. But when such evidence is so considered, and in the opinion of the Court it is insufficient to support the plaintiff's allegations of actionable negligence, a judgment as of nonsuit should be upheld.

According to the evidence, the four minor children were standing

on the east side of the highway, apparently waiting for traffic to clear; a car passed them going south. All three of the children who remained on the side of the road testified that they saw the car operated by the minor defendant coming from the south. Plaintiff's intestate, according to the evidence, ran into the road about the time the car was even with where the children were standing. The evidence further tends to show that as the car approached the point where the children were standing by the road in a place of safety, the little six and one-half year old child ran into the highway and was hit by the right front of the car. There is no evidence of excessive speed; neither is there any evidence that would tend to show that the child ran into the highway a sufficient length of time ahead of the approaching car for the driver thereof to have taken any effective measures to avoid the accident.

The plaintiff contends that the minor defendant was operating the car on the left side of the highway and that plaintiff's intestate was struck about the center of the road by the right front of the car with such force that she was carried some distance along the highway. The evidence revealed by the record supports the view that the child had reached about the center of the road when she was struck by the right front of the car just inside the right front headlight and that she was carried some distance along the highway on the bumper of the car.

However, in light of all the evidence in this case, in our opinion the fact that the driver of the automobile was driving the car at the time of the impact near the center of the highway rather than on the extreme right thereof, is not sufficient in itself to establish actionable negligence. The driver of the car may have instinctively pulled the car to the left in an effort to avoid hitting the child when she ran into the highway from the right-hand side of the road. There is evidence tending to support such an inference.

The appellant cites the case of *Carter v. Shelton*, 253 N.C. 558, 117 S.E. 2d 391, in support of her contention that the plaintiff's evidence was sufficient to take the case to the jury. The facts in that case are clearly distinguishable from those in the present case.

The case of *Brinson v. Mabry, supra,* would seem to be controlling on the facts in this case. In the *Brinson* case, as here, there was no evidence of excessive speed. *Higgins, J.,* in speaking for the Court, said: "In this case the children were not on the traveled portion of the highway. They were apparently waiting for vehicular traffic to clear before attempting to cross. The defendant saw nothing to give notice to the contrary until the little girl darted out from behind another vehicle in front of him, leaving insufficient time to take evasive

action." *Cf. Butler v. Allen,* 233 N.C. 484, 64 S.E. 2d 561. There is no presumption of negligence from the mere fact that there has been an accident and an injury. *Grant v. Royal,* 250 N.C. 366, 108 S.E. 2d 627; *Fleming v. Twiggs,* 244 N.C. 666, 94 S.E. 2d 821; *Merrell v. Kindley,* 244 N.C. 118, 92 S.E. 2d 671.

In our opinion, the evidence adduced in the trial below is insufficient to establish actionable negligence on the part of the driver of the automobile involved in this accident. Therefore, the judgment as of nonsuit entered below is

Affirmed.

PARKER, J. dissents.