RONNIE RAY JOHNS, BY HIS NEXT FRIEND, RALPH E. EARNEY v. RANSOM J. DAY.

(Filed 10 October 1962.)

1. **Negligence § 21—**
    Negligence is not presumed from the mere fact that there has been an accident and an injury.

2. **Automobiles § 41m—**
    Evidence tending to show that defendant was driving some five miles per hour between cars parked on either side of the street and that a six year old child ran from behind one of the parked cars into the path of defendant's car, that because of the obstruction of the parked car defendant did not see the child, but that the car did not cover more than six or seven feet after the child ran into its path and that defendant stopped the car within a foot after running over the child's legs, *is held* insufficient to be submitted to the jury on the issue of defendant's negligence.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Sharp, Special Judge,* January Civil Term 1962 of GASTON.

This is a civil action to recover for personal injuries sustained by plaintiff when the defendant allegedly ran over him with his automobile.

On 20 October 1960, about 4:00 o'clock in the afternoon, the de-

fendant was traveling in a westerly direction on Burton Street at a speed of about five miles per hour when the plaintiff ran in front of his mother's car, which was parked on the north side of the street near the curb in front of plaintiff' home, into the street and into the pathway of defendant's car.

The plaintiff's evidence tends to show that Burton Street is about 24 feet wide and runs in a generally east-west direction in the Linford Mills Village in North Belmont. The evidence further tends to show that the car of Bobby Hamilton was parked in front of Mrs. Brittian's home which is located across the street from the home in which plaintiff lives. The Hamilton car was headed east. The plaintiff was hit at a point about one foot to the rear of the Hamilton car as the defendant was driving between the Johns and Hamilton cars.

Bobby Hamilton testified for the plaintiff as follows: "I was present when this accident happened in which Ronnie Johns was hurt. At the time I was on my mother-in-law's front porch, Mrs. Brittian's. * * * I had not seen Ronnie Johns just prior to this accident. * * * When I walked out on the front porch, I looked around and saw him coming from in front of his mother's car heading across the street towards mine and that's when I saw Mr. Day hit him. The first time I saw him he was coming out from his mother and them's (sic) driveway. When I first saw him he was in the driveway running towards the opposite side of the road. At that time Mr. Day was coming down the road; he was just coming between the two cars. He was already in between them, coming on down through there. At the time I first saw Ronnie Johns and I first saw Mr. Day in my opinion he was about five or six feet from Ronnie Johns. It was about five or six feet from Mr. Day's car to the little Johns boy. I did not observe Ronnie Johns run all the way across the street. I saw him when he started out in front of the — out across the street; he was running; and I saw him go down. I don't know whether he fell or whether the car hit him and it knocked him down but after it hit I saw the wheel go over his legs. All I saw was the wheel struck him. * * * The left front wheel hit him. That was right at the back of my car. * * *"

Mr. Day was likewise put on the stand by the plaintiff and testified that he did not see the boy at all until after he hit him, and he hit his brakes as soon as he felt the bump. The Day car was stopped within approximately one foot of where it ran over the legs of the plaintiff.

The evidence also tends to show that the defendant's view was blocked by the car parked along the curb in front of the plaintiff's home and that the defendant was driving very slowly between the two parked cars at the time plaintiff was hit.

There was evidence that many children lived and played in the area involved. However, there was no evidence that children were playing in the area at the time plaintiff was injured. The defendant was familiar with the neighborhood and lived on the same street, approximately three or four hundred feet east of where the accident occurred.

The medical testimony is to the effect that the boy has rather extensive scarring on his leg, above the knee, but that he has "no permanent disability to the leg in the functioning or the motion of the leg." No bones were broken.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was sustained. The plaintiff appeals, assigning error.

*Childers & Fowler for appellant.*
*Hollowell & Stott for appellee.*

DENNY, C.J.  The sole question presented for decision on this appeal is whether or not the trial judge committed error in sustaining the defendant's motion for judgment as of nonsuit at the close of plaintiff's evidence.

The evidence tends to show that while the defendant did not see the plaintiff before the left front wheel of his car had passed over the legs of plaintiff, the evidence further tends to show the plaintiff, a child six years of age at the time of the accident, ran out into the street in front of the car parked in front of his home and into the pathway of defendant's car. The evidence further supports the view that the defendant at the time of the accident was traveling about five miles per hour, going in between the cars parked on the north and south sides of the street. The undisputed evidence is to the effect that the defendant stopped his car within one foot of the point where the left front wheel of his car passed over the legs of the plaintiff. Moreover, the evidence tends to show that the defendant's car did not travel more than six or seven feet after the plaintiff ran into the pathway of defendant's car.

"No presumption of negligence arises from the mere fact there has been an accident and an injury." *Grant v. Royal,* 250 N.C. 366, 108 S.E. 2d 627; *Fleming v. Twiggs,* 244 N.C. 666, 94 S.E. 2d 821; *Merrell v. Kindley,* 244 N.C. 118, 92 S.E. 2d 671; *Mills v. Moore,* 219 N.C. 25, 12 S.E. 2d 661.

In the case of *Brinson v. Mabry,* 251 N.C. 435, 111 S.E. 2d 540, this Court said: "True, the presence of children on or near the traveled portion of a highway whom a driver sees, or should see, places him under the duty to use due care to control the speed and movement of

his vehicle and to keep a vigilant lookout to avoid injury (citing numerous authorities).

"Nevertheless, when a child, without warning, darts from behind another vehicle into the path of a motorist who is observing the rules of the road with respect to speed, control and traffic lanes, and who is maintaining a proper lookout, the resulting injury is not actionable. * * *"

Ordinarily, when a child suddenly runs into the street from behind a parked vehicle or other obstruction, thereby preventing the child from being seen in time to have avoided the accident, and the driver was not traveling at an excessive rate of speed, nonsuit is proper. *Kennedy v. Lookadoo,* 203 N.C. 650, 166 S.E. 752; *Fox v. Barlow,* 206 N.C. 66, 173 S.E. 43; *Bass v. Hocutt,* 221 N.C. 218, 19 S.E. 2d 871.

Likewise, in *Rountree v. Fountain,* 203 N.C. 381, 166 S.E. 329, the evidence was to the effect that the defendant backed his truck into an alley and ran over a four-year-old child. This Court held that the absence of a showing of the length of time that the child was in the alley, or that the defendant could or should have seen him in time to avoid the injury, led only to conjecture as to whether the child was there long enough to be seen or whether he dashed suddenly into the path of the truck. The evidence presenting such conjecture was held insufficient to be submitted to the jury. The judgment of nonsuit entered below was upheld. See also *Mitchell v. Melts,* 220 N.C. 793, 18 S.E. 2d 406.

The judgment below is
Affirmed.

SHARP, J., took no part in the consideration or decision of this case.