POLLY ANN HENDERSON, BY HER NEXT FRIEND, ADA LOCKLEAR v.
LUTHER EDMUND LOCKLEAR.

(Filed 27 November 1963.)

**Automobiles § 41m—**

> Evidence that a child less than five years old was on the hard surface
> of a highway, unattended, and clearly visible to defendant while he trav-
> eled a distance of one-half mile, that she ran across the highway toward
> her companion, another small child, when defendant was only some 40 feet
> away, and that defendant could not then avoid striking the child, not-
> withstanding he had reduced his speed from some 45 miles per hour to 25
> miles per hour, *held* sufficient to be submitted to the jury.

APPEAL by plaintiff from *Mallard, J.,* April 1963 Mixed Session of
HOKE.

*H. D. Harrison, Jr., for plaintiff.*
*Hostetler & McNeill for defendant.*

PER CURIAM. Infant plaintiff, by her next friend, seeks to recover
damages for personal injuries suffered by her on 18 December 1960
when she was struck by an automobile. The accident occurred on rural
paved road No. 1105 near Antioch in Hoke County.

The evidence and inferences to be drawn therefrom, considered in
the light most favorable to plaintiff, tend to establish the following
facts.

The highway in the vicinity of the accident runs generally east
and west and is straight and level. The paved portion is 18 feet wide;
there are 7-foot shoulders on each side. The speed limit is 55 miles
per hour. On 18 December 1960 the weather was fair and the road dry.
The accident occurred about 2:00 P.M. Defendant was driving his
automobile eastwardly. There was no other vehicular traffic. There
was nothing within the highway or its shoulder to obstruct the vision
of a motorist. Defendant saw two small children, one of whom was the
plaintiff, run from a house on the south side of the road, down a hill
and into the highway. Plaintiff was "going on" 5 years of age. Defend-
ant was about one-half mile away when he saw the children enter the
highway. Defendant was travelling 45 to 50 miles per hour. He took his
foot off the accelerator and reduced speed to 25 miles per hour. Plain-
tiff crossed to the north side of the highway but her companion remain-
ed on the south side. The children were proceeding west facing defend-
ant's approaching automobile. Plaintiff was walking on the edge of the
hardsurface. When defendant was about 40 feet away, plaintiff start-

ed running straight across the road toward her companion. Defendant was in his proper lane of travel; he applied brakes and skidded 4 or 5 feet. Plaintiff came in contact with the car just to the right of the center of the front of the hood. She was knocked to the pavement about 10 or 15 feet in front of the car. She was rendered unconscious and suffered injuries.

Plaintiff, a child less than 5 years old and unattended by any person of responsible age, was on the hardsurface portion of the highway and clearly visible to defendant at all times while he travelled a distance of one-half mile. It was to be anticipated that she might be generally inattentive to danger, and, upon the near approach of a vehicle, might act on impulse and attempt to run to her playmate. She did not suddenly dart from a place of concealment into the path of defendant's vehicle. *Johns v. Day,* 257 N.C. 751, 127 S.E. 2d 543; *Dixon v. Lilly,* 257 N.C. 228, 125 S.E. 2d 426. She was not in a place of apparent safety, accompanied by older children or adults. *Brewer v. Green,* 254 N.C. 615, 119 S.E. 2d 610; *Brinson v. Mabry,* 251 N.C. 435, 111 S.E. 2d 540. The duty of a motorist with respect to the presence of children of tender age, whom the motorist sees, or in the exercise of reasonable care should see, on or near the highway, has been repeatedly declared. *Ammons v. Britt,* 256 N.C. 248, 123 S.E. 2d 579; *Pope v. Patterson,* 243 N.C. 425, 90 S.E. 2d 706; *Pavone v. Merion,* 242 N.C. 594, 89 S.E. 2d 108; *Greene v. Board of Education,* 237 N.C. 336, 75 S.E. 2d 129. In the light of the duty of the motorist in such circumstance, the questions whether the defendant in the instant case was driving his vehicle at a greater speed than was reasonable and prudent [G.S. 20-141(a)], or whether he decreased speed to the extent that an ordinarily prudent person would have done [G.S. 20-141(c)], are for jury determination.

The judgment below is

Reversed.