VIOLA BRIGHT WHITE v. ALICE ROACH AND DONALD REEL.

(Filed 26 February 1964.)

APPEAL by defendants from *Bundy, J.,* October Session 1963 of CRAVEN.

This is an action instituted by the plaintiff in a claim and delivery proceeding to recover a house trailer, upon the ground that the defendants had acquired possession thereof and title thereto by fraud.

Among other things, the plaintiff in summary alleged in her complaint that she was the owner of one 1960 Buddy House Trailer of the value of $3,500.00; that defendants by threats, assaults, and other means of intimidation, attempted to get the plaintiff to transfer the title of said trailer to them and attempted to give her an older and smaller trailer in exchange therefor; that plaintiff refused to accede to their threats and intimidations; that defendants are unlawfully and wrongfully in possession of said trailer, living in the same and have refused to surrender possession thereof to the plaintiff; that the defendants induced the plaintiff to sign a document on the pretext that the same was necessary in order for her (the plaintiff) to legally own the trailer; that thereafter the plaintiff is informed, believes and alleges the instrument the defendants got her to sign was in truth a transfer of the title to said trailer, which defendants then filled in and had said trailer transferred on the records of the Department of Motor Vehicles to them (the defendants), knowing at the time that they misrepresented the instrument to plaintiff and that she did not understand the true nature of the instrument.

Plaintiff's evidence tends to show that she can only write her name; that she "cannot read or understand the average piece of paper." She testified that when she signed the paper which was used to transfer the title to the trailer to the defendants, the defendants told her "it was to put ownership of the trailer in my name, so I signed the paper, relying on what they told me."

Plaintiff's evidence further tends to show that she and her husband purchased the trailer involved in 1960; that they later separated and

plaintiff purchased her husband's interest in the trailer for $1,000.00; that she borrowed the $1,000.00 from defendant Alice Roach, her sister, who, after the institution of this action married her codefendant Donald Reel. Plaintiff, after separating from her husband, moved the trailer involved from Carteret County to the premises where the defendants operated the Two Rivers Fruit Stand on Highway 70 across the Trent River Bridge from New Bern, North Carolina.

The jury answered the following issues as indicated.

"1. Was the transfer of title to the Buddy House Trailer from the plaintiff to the defendants obtained by fraud and misrepresentation as alleged by (sic) the complaint? Answer: Yes.

"2. Is the plaintiff the owner of and entitled to the possession of the Buddy House Trailer as alleged in the complaint? Answer: Yes."

Judgment was entered on the verdict to the effect that plaintiff have and recover from the defendants possession of the said Buddy House Trailer and that defendants be taxed with the costs of this action.

Defendants appeal, assigning error.

*Cecil D. May for plaintiff appellee.*
*Henry A. Grady, Jr., for defendant appellants.*

PER CURIAM. The defendants assign as error the refusal of the court below to sustain their motion for judgment as of nonsuit at the close of plaintiff's evidence and when renewed at the close of all the evidence.

On a motion for nonsuit the evidence of the plaintiff must be taken as true and considered in the light most favorable to her. When the evidence of the plaintiff is so considered, we hold that it was sufficient to take the case to the jury. *Mills v. Lynch*, 259 N.C. 359, 130 S.E. 2d 541.

Since the case was one for the twelve, and no prejudicial error appears on the record, the ruling of the court below will be upheld.

Affirmed.