CLAUDIA BOYD, BY HER NEXT FRIEND, CHARLES B. DEANE, JR., v. VIRGINIA DARE BLAKE.

(Filed 21 February, 1968.)

**1. Trial § 21—**

On motion to nonsuit, the evidence must be accepted as true and considered in the light most favorable to plaintiff, disregarding all evidence in conflict therewith, including any contradictions in plaintiff's evidence.

**2. Same—**

On motion to nonsuit, the court may consider evidence offered by defendant that tends to clarify or explain plaintiff's evidence and is not in conflict therewith.

**3. Automobiles § 39—**

The presence of a young child riding a bicycle on the highway is, in itself, a danger signal to a motorist approaching the bicycle from the front.

**4. Automobiles § 41—**

A motorist who sees children on or near the highway must exercise care in proportion to the incapacity of the children to foresee or to appreciate and avoid peril.

**5. Automobiles § 69—**

Evidence that a five-year-old child was riding a training bicycle on the paved portion of a highway and was clearly visible to the *femme* defendant from a distance of 1000 feet, that the child began to lose control of the bicycle and to veer toward the center of the highway when defendant's car was about 60 feet away, and that the automobile struck the child, *held* sufficient to be submitted to the jury on the issue of defendant's negligence, notwithstanding evidence that defendant had reduced her speed at the time of impact.

**6. Automobiles § 46—**

Testimony of an eyewitness that he "guessed" the speed of an automobile to be 35, 40, or 45 miles per hour is not incompetent as mere speculation on the part of the witness, it appearing that the word was used colloquially to express an estimate or opinion.

APPEAL by plaintiff from *McConnell, J.,* October 1967 Civil Session, RICHMOND Superior Court.

This is an action for damages for personal injuries sustained by plaintiff, a five-year-old girl.

The complaint alleges that around noon on 27 February 1966, plaintiff was riding a small bicycle in a westerly direction on R.P. Highway 1304 in Richmond County and was run into by defendant who was operating a 1957 Ford in an easterly direction on said highway. Among the allegations of negligence, the complaint charges that defendant failed to keep her automobile under proper control, failed to keep a proper lookout, failed to use due care commensurate with existing conditions, and negligently allowed her automobile to strike plaintiff.

In her answer, defendant admits the operation of the Ford at the time and place complained of. In her further answer, she says: "that as she reached a straight stretch of road she observed the plaintiff some distance away riding a bicycle on the northernmost portion of the highway and proceeding in a westerly direction; that the defendant, who at all times remained in the eastbound lane of traffic and was keeping a proper lookout, immediately slowed her automobile and sounded the horn on her automobile; that just as the plaintiff and the defendant were meeting on opposite sides of the highway and at a time when they were almost abreast of one another, the plaintiff, without any warning whatsoever, suddenly steered the bicycle she was riding across the highway and directly into the front bumper of defendant's automobile, slightly injuring plaintiff."

Plaintiff's principal witness was her eighteen-year-old uncle, Robert Nicholson, who was with her at the time of the occurrence. His pertinent testimony can be summarized as follows: The paved portion of the road was 17 feet wide. The little bicycle on which plaintiff was riding had a training wheel on its left side and he was walking some 15 or 20 feet behind plaintiff "trying to keep up with her." He saw the defendant's car approaching some 1000 feet away and "guessed" it was running at least 35, 40 or 45 miles per hour at that time. When he first saw the car, the bicycle was on the right-hand side of the road but as the car got nearer, plaintiff began losing control of the bicycle and moving toward the center of the highway; "I tried to run to catch up with her and I ran faster to try to catch

her. I saw she was losing control of the bicycle. I did not catch up with her." The accident happened about the center of the road, "just a little on Mrs. Blake's side of the center line of the highway." He estimated that plaintiff and defendant's car were about 50 to 60 feet apart when plaintiff began having trouble with the bicycle and "guessed" that defendant was going about 35 at that time. All four wheels of defendant's automobile were on the pavement at the time plaintiff was struck by defendant's left-front tire.

Plaintiff's principal injuries were to her right arm. On cross-examination, Nicholson testified that the left-front wheel did not pass over plaintiff's arm but slid it on the pavement; that defendant came to a complete stop within 3 or 4 feet from the time plaintiff got on defendant's side of the road.

Defendant's pertinent testimony was as follows: She saw plaintiff on the bicycle and Robert Nicholson when she was 1000 feet or more away from them; they were on their side of the road near the edge. She was driving approximately 35 miles per hour when she first saw them and as she drew near them, she kept slowing down and blew her horn three times. "(A)s we got closer to one another, I kept slowing up and I thought, well, I'll ease on by, and she came over." Defendant was going between 5 and 10 miles an hour with her foot on the brake when plaintiff rode the bicycle into defendant's lane; plaintiff was half a car length away when she turned in front of defendant, after which defendant slammed on brakes and her car did not travel its length beyond plaintiff.

Defendant's motion for compulsory nonsuit at the close of the plaintiff's evidence was overruled but was allowed at the close of all the evidence. From judgment predicated thereon, plaintiff appealed.

*Pittman, Pittman & Pittman, attorneys for plaintiff appellant.*
*Leath, Bynum, Blount & Hinson, attorneys for defendant appellee.*

BRITT, J. Although defendant in her answer pleads contributory negligence on the part of plaintiff and the doctrine of "sudden appearance," defendant's counsel with his usual candor admits that neither of these is applicable to the facts in this case. Therefore, the only question presented by this appeal is whether there was sufficient evidence of actionable negligence on the part of defendant to be considered by the jury.

In reviewing a judgment of nonsuit, we are required to consider the evidence in the light most favorable to the plaintiff, accept the

evidence so construed as true, and disregard all evidence in conflict therewith, including any inconsistencies or contradictions in the plaintiff's evidence. *Waycaster v. Sparks,* 267 N.C. 87, 147 S.E. 2d 535; *Thomas v. Morgan,* 262 N.C. 292, 136 S.E. 2d 700; *White v. Roach,* 261 N.C. 371, 134 S.E. 2d 651.

In *Ammons v. Britt,* 256 N.C. 248, 123 S.E. 2d 579, in an opinion written by Bobbitt, J., we read:

> "The only motion for judgment of nonsuit to be considered is that made at the close of all the evidence. G.S. 1-183. In determining its sufficiency for submission to the jury, the evidence, whether offered by plaintiffs or by defendant, must be considered in the light most favorable to plaintiffs. *Murray v. Wyatt,* 245 N.C. 123, 128, 95 S.E. 2d 541; *Eason v. Grimsley,* 255 N.C. 494, 496, 121 S.E. 2d 885. True, the court may consider evidence offered by defendant that 'tends to clarify or explain evidence offered by plaintiff not inconsistent therewith, but it must ignore that which tends to establish another and different state of facts or which tends to contradict or impeach the testimony presented by plaintiff. (Citations.) Otherwise, consideration would not be in the light most favorable to plaintiff. (Citations.)' *Watters v. Parrish,* 252 N.C. 787, 795, 115 S.E. 2d 1."

The cases in our reports involving small children struck by automobiles upon the streets and highways are as varied in their factual situations as are the impulses and instantaneous reactions of children. Consequently, they vary in ultimate results. While the principles of law concerning the care required of a motorist who sees, or ought to see, a small child on or near the highway are constant, their application is different because the facts vary from case to case. *Rodgers v. Carter,* 266 N.C. 564, 146 S.E. 2d 806.

The very presence of a five-year-old child riding a bicycle on the highway is, in itself, a danger signal to a motorist approaching the child. Ordinarily, it is a question for the jury as to whether the motorist has responded to such danger signal as a reasonable person would have done. *Champion v. Waller,* 268 N.C. 426, 150 S.E. 2d 783. *Rodgers v. Carter, supra.*

It has been declared repeatedly by our Supreme Court that a legal duty rests upon a motorist to exercise due care to avoid injuring children whom he sees, or by the exercise of reasonable care should see, on or near the highway. A motorist must recognize that children have less judgment and capacity to appreciate and avoid danger than adults, and that children are entitled to a care in pro-

portion to their incapacity to foresee, to appreciate and to avoid peril. Parker, J., (now C.J.) in *Pope v. Patterson,* 243 N.C. 425, 90 S.E. 2d 706 (citing numerous authorities).

"Where an automobile driver sees a child in a place of danger, or has reason to apprehend that it might run into a place of danger, and has sufficient time to stop his car if under proper control, it is his duty to exercise such care as would be reasonably necessary to avoid a collision." Quoted in *Pope v. Patterson, supra,* from *Lucas v. Busko,* 314 Pa. 310, 171 A. 460.

Plaintiff was on the paved portion of the highway and clearly visible to defendant at all times while she traveled a distance of 1000 feet. It was to be anticipated that plaintiff might be inattentive to danger, and, upon the near approach of a vehicle, might allow her bicycle to veer to the opposite side of the highway. [See *Henderson v. Locklear,* 260 N.C. 582, 133 S.E. 2d 164]. Plaintiff did not suddenly dart from a place of concealment into the path of defendant's vehicle as was the case in *Johns v. Day,* 257 N.C. 751, 127 S.E. 2d 543, and *Dixon v. Lilly,* 257 N.C. 228, 125 S.E. 2d 426. She was not in a place of apparent safety when seen by the motorist as was the case in *Brewer v. Green,* 254 N.C. 615, 119 S.E. 2d 610, and *Brinson v. Mabry,* 251 N.C. 435, 111 S.E. 2d 540.

Plaintiff's witness Nicholson "guessed" the speed of defendant's car. The term "guess" is not regarded as being a mere conjecture or speculation but as a colloquial way of expressing an estimate or opinion. It is a word frequently used where a witness is called upon to make estimates of speed or distance or size or time. Like the words "suppose" or "think", it is commonly used as meaning the expression of a judgment with the implication of uncertainty. *State v. Clayton,* 272 N.C. 377.

In the light of duty of the motorist in such circumstance, the questions whether the defendant in the instant case was driving her vehicle at a greater speed than was reasonable and prudent, or whether she decreased speed to the extent that an ordinarily prudent person would have done, are for jury determination. *Henderson v. Locklear, supra.*

The judgment below is
Reversed.

MALLARD, C.J., and BROCK, J., concur.