JACK R. KINLAW v. EDITH ANN TYNDALL AND BILLY RAY TYNDALL

No. 7316SC669

(Filed 24 October 1973)

**Automobiles § 63— striking child — insufficient evidence of negligence**

> Trial court properly directed verdict for defendants in an action to recover for personal injuries sustained by plaintiff's minor child when she was struck by defendants' automobile where the evidence tended to show that the child was walking along a street upon which defendant was driving, defendant's view of the street was unobstructed, defendant decreased her speed upon observing children walking on the street, plaintiff's child ran into the side of the vehicle sustaining injuries, and there were tire marks measuring twelve feet in length at the scene of the accident.

APPEAL by plaintiff from *McLelland, Judge,* March 1973 Session of Superior Court held in ROBESON County.

This is a civil action wherein the plaintiff, Jack R. Kinlaw, seeks to recover damages in the sum of ten thousand dollars for medical and hospital expenses for which he became responsible as a result of injuries sustained by his minor daughter, Linda

Rose Kinlaw, who was struck by an automobile owned and operated by the defendants.

The material evidence offered by the plaintiff tended to show the following:

At approximately 3:30 p.m. on 23 September 1969 the automobile operated by defendant Edith Ann Tyndall struck and injured Linda Rose Kinlaw, minor daughter of the plaintiff. The accident occurred on Vance Drive in a residential area of Lumberton, North Carolina. Vance Drive runs north and south and is intersected by 13th Street which runs east and west. On the day of the accident defendant, whose view was unobstructed, made a left turn from 13th Street and headed north on Vance Drive. The weather was clear and the streets were dry, paved and straight.

Mrs. Judy Beatty, who lived at 1005 East 13th Street and was in her front yard on the day of the accident, testified that she observed defendant's automobile pass her house and turn left onto Vance. "After the car turned left on Vance, what I heard that was remarkable was like squaling and a child screaming." Mrs. Beatty then testified that she ran to the scene of the accident and upon arrival found "Linda sitting in what would be the driver's side in the right-hand lane, going between 13th and 14th on Vance."

A. E. Carroll, the investigating officer, in response to a message, commenced an investigation of the accident shortly after 5:00 p.m. At the hospital to which Linda had been taken, Officer Carroll had a conversation with the defendant Edith Ann Tyndall during which she stated:

"(S)he was traveling on 13th Street, turned left, and she noticed some kids walking on the street, on the left side facing on the opposite, coming traffic, and she had slowed down. She saw the kids and took her foot off the gas and slowed down to approximately 15 miles an hour. As she got alongside of the kids, Linda darted out to the side of her vehicle and she hit her brakes and slid, attempting to stop, but she never did run in front of her vehicle, but into the left front side of the vehicle. . . ."

With respect to the damage to defendant's vehicle and conditions at the site of the accident Officer Carroll testified:

"I observed the vehicle Mrs. Tyndall was driving and there was not any damage to it. * * * When I went to the

scene of the incident I observed some tire marks there. I measured them and they were twelve feet in length.

At that time there was not a center line in Vance Drive. With reference to the center of the paved portion of Vance Drive, these marks were on the right portion, right half. . . ."

At the close of plaintiff's evidence, pursuant to G.S. 1A-1, Rule 50, Rules of Civil Procedure, defendant moved for directed verdict on the ground that plaintiff's evidence failed to show actionable negligence on the part of defendant. The trial judge allowed the motion and from a judgment directing a verdict in favor of defendants, plaintiff appealed.

*Johnson, Hedgpeth, Biggs & Campbell by John Wishart Campbell for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Ronald C. Dilthey for defendant appellees.*

HEDRICK, Judge.

The sole question before this court is whether the trial court erred in allowing defendants' motion for directed verdict at the conclusion of the plaintiff's evidence.

On defendants' motion for a directed verdict the evidence must be considered in a light most favorable to plaintiff. It is our opinion that when the evidence is so considered it is insufficient to raise an inference that the injuries to the minor child of plaintiff were proximately caused by the actionable negligence of the defendant Edith Ann Tyndall in the operation of the automobile. *Brewer v. Green,* 254 N.C. 615, 119 S.E. 2d 610 (1961).

The judgment is

Affirmed.

Judges PARKER and BALEY concur.