ANTONIA UMEKA WILSON, Minor, by her Guardian ad Litem, R.
KASON KEIGER AND DELORES A. MOYER v. LORENZER GARDNER
AND HUBERT JONES, d/b/a RUBY'S ICE CREAM COMPANY

No. 7321SC169

(Filed 11 July 1973)

Automobiles § 63— child struck by ice cream truck — insufficient evidence
of negligence

> Trial court properly directed verdict for defendants in a personal
> injury action where the evidence tended to show that defendant
> operated an ice cream truck, that he stopped in plaintiff's neigh-
> borhood to sell ice cream to children, that, when most of the children
> were gone, defendant determined that both sides of the truck were
> clear and it was safe to move, and that plaintiff fell into the side of
> the truck, sustaining injury, after it had progressed only a few feet.

APPEAL by plaintiff from *Gambill, Judge,* 2 October 1972
Civil Session of FORSYTH County Superior Court.

This is a civil action in which the minor plaintiff sought
damages for personal injury arising out of an accident which
was alleged to have been a proximate result of the defendant
Gardner's negligence. Defendant Jones operated a business
known as Ruby's Ice Cream Company and employed defendant
Gardner to drive a truck from which ice cream was sold to
customers in their neighborhoods. The truck was equipped with
a bell and music box used to attract customers. On 30 July 1970
at about 8:15 p.m. a truck operated by Gardner entered the
900 block of Mock Street in Winston-Salem, North Carolina, and
traveled slowly along the street broadcasting music. A group of
about twenty children gathered at the curb by the truck. Plain-
tiff, among that group, was hit by the truck, and suffered the
personal injury complained of.

On direct examination plaintiff's witnesses offered little
evidence as to how the injury occurred. Joann Blackwell tes-
tified that:

> " . . . As to how the little girl got hurt, the children
> was running to meet the ice cream truck and in a few
> minutes I heard something that sounded like grit against
> the curb and she was hit by the ice cream truck. . . . When
> she was hit, I saw her there on the street. She was right
> against the curb. . . . After she was hit, the truck just
> rolled past her. The rear wheel hit her. I couldn't

tell you whether it ran over her. The noise I heard at the time she was hit sounded like grit or rocks against the curb."

Lorenzo Wilborn testified on direct examination that:

" . . . As to what happened from that point, he was coming down Mock Street, Lorenzer Gardner, he wasn't going fast, and when the children was going toward him, he—usually some of them turns off the bell, but his stayed on, and she ran out and got hit by the truck . . . . "

On cross-examination Joann Blackwell testified that:

" . . . She fell off the curb at a point when the front end of the truck had already gone by her. She fell off the curb right at the rear side of the truck. As soon as the child fell, Curley Mae, [a passenger in the truck] hollered out. As soon as that happened, Lorenzer stopped the truck. He just stopped immediately. . . . "

Lorenzo Wilborn further testified on cross-examination that:

" . . . What I saw happen was that the little girl fell off the sidewalk kind of into the side of the truck. I don't know if it was there at the back wheel. I saw her fall off the curb, but not so far out in the street, though; off the sidewalk, anyway. . . . "

Neither of these two witnesses were certain, or believed, that the defendant Gardner had stopped and sold ice cream to these children before the accident occurred.

Lorenzer Gardner, the defendant, testified as a witness for the plaintiff. He stated that he stopped about a foot from the curb beside the group of children, and that he had parked there for about thirty minutes selling ice cream before the accident occurred.

Gardner testified that before he began to leave most of the children had gone. He checked the rear vision mirror on the left side of the truck and saw nothing. His passenger, Curley Mae Wiseman, was standing in the doorway on the right side of the truck, looking to the rear. She told him that the right side of the truck was clear. He began to move forward, and immediately thereafter the passenger "started screaming and I stopped." Defendant estimated that he traveled four to five

feet before he was alerted to danger, and about four to five feet after the child was hit before the truck was completely stopped.

At the close of this evidence, on motion of defendants, the court directed a verdict for the defendants.

*Wilson & Morrow by John F. Morrow for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson by R. M. Stockton, Jr. and W. A. Holland, Jr. for defendant appellees.*

CAMPBELL, Judge.

The plaintiff's evidence shows without contradiction that the plaintiff was on the curb and then fell into the rear of the moving truck. The evidence is undisputed that the defendant Gardner had determined before moving the truck that both sides of the truck were clear and that it was safe to move. Although some of the group of children were still in the vicinity, the driver had no duty to wait until all the children had left before he could move the truck. His duty was to exercise reasonable care to determine that the movement could be made in safety. The evidence shows that he took reasonable precaution to avoid any injury.

We feel that the proper rule of law to apply in this case is that followed in *Westbrook v. Robinson,* 11 N.C. App. 315, 181 S.E. 2d 231 (1971) : A motorist operating his vehicle at a lawful speed is not liable for injuries to a child who runs into the street so suddenly that the motorist could not avoid striking him. And this is the rule even where the motorist was aware at the time of the presence of children on the sidewalk along the street.

No error.

Judges BRITT and BALEY concur.