TONUJA MARIE PARKER BY HER GUARDIAN AD LITEM LINA BELL PARKER v. NA-
THANIEL JUNIOR McCALL

No. 828SC79

(Filed 18 January 1983)

Automobiles and Other Vehicles § 41.1— child darting in front of vehicle—directed verdict for defendant proper

       In an action instituted by minor plaintiff to recover for personal injuries which she, as a pedestrian, sustained when struck by an automobile operated by defendant, the trial court properly granted a directed verdict for defendant

where the evidence showed that defendant had slowed to allow an oncoming car to pass; his vehicle was being operated at a speed between 15 and 20 miles per hour in a 25 mile per hour zone during the time he observed the child; as soon as she started into the street he blew the horn and applied the brakes, turning to the right; and there was no evidence that defendant could have avoided the accident by the exercise of reasonable care under the circumstances.

APPEAL by plaintiff from *Barefoot, Judge.* Judgment entered 29 September 1981 in Superior Court, LENOIR County. Heard in the Court of Appeals 10 November 1982.

The plaintiff, Tonuja Marie Parker, a minor, instituted this action to recover for personal injuries which she, as a pedestrian, sustained when struck by an automobile operated by defendant, Nathaniel Junior McCall. At trial both plaintiff and defendant presented evidence. At the close of all the evidence, the defendant moved for directed verdict. The motion was granted and the action dismissed with prejudice. Plaintiff appeals from the directed verdict granted in favor of defendant.

*Jones and Wooten, by Everett L. Wooten, Jr., for plaintiff appellant.*

*Morris, Rochelle & Duke, P.A., by Thomas H. Morris, for defendant appellee.*

JOHNSON, Judge.

The sole question presented for review is whether the court erred in granting the defendant appellee's motion for a directed verdict at the close of all the evidence. For the reasons stated below, we conclude that no evidence of negligence on the part of the defendant was presented at trial. Therefore, the directed verdict in defendant's favor was properly granted.

On motion for directed verdict all evidence which supports plaintiff's claim should be taken as true and considered in the light most favorable to the plaintiff, giving plaintiff the benefit of every inference which may be drawn therefrom and with all contradictions, conflicts and inconsistencies resolved in plaintiff's favor. *Capps v. Dillard,* 11 N.C. App. 570, 181 S.E. 2d 739 (1971); *Moore v. Powell,* 205 N.C. 636, 172 S.E. 327 (1934). Therefore, the question before us is whether the evidence considered in the light

most favorable to plaintiff is sufficient to justify a verdict in her favor.

The parties stipulated that the defendant was driving his automobile in an eastwardly direction on Lincoln Street in Kinston, N.C. at about 6:42 p.m. on 2 February 1980 when he struck the plaintiff. Plaintiff was six years old at the time and was struck while she was attempting to cross Lincoln Street. The accident occurred in a residential area. Lincoln Street is an east-west street paved with smooth asphalt. It was dry that evening, the weather was clear, and it was dark with the street lighted. The stated speed limit was 25 miles per hour.

The plaintiff's evidence was to the effect that she lived in a house at 1116 Lincoln Street, which was on the north side of the street, and that there were street lights on the south side of the street, one of which was across from 1116 Lincoln Street. Plaintiff testified that she had been to the grocery store for her mother and was across the street from her house when she saw an automobile coming and waited for it to pass before attempting to cross the street. Plaintiff further testified she did not see the automobile with which she collided.

M. M. Hatcher, a Kinston police officer, investigated the accident. He testified that the plaintiff told him there was an automobile traveling west down Lincoln Street which she waited for, that she did not see any automobile traveling east, and attempted to cross the street. The defendant told Hatcher that he had seen the child on the curb before the accident occurred, he then saw a car approaching him traveling west and he did not see the child again until she was running into the street ahead of him. Officer Hatcher testified that defendant told him the plaintiff collided with his automobile on the side toward the left front tire. Hatcher found defendant's automobile on the right hand side of the street with 40 feet of skid marks leading from it.

The evidence of the defendant was to the effect that he was driving eastwardly on Lincoln with the lights on when the accident occurred. As he was traveling along the 1100 block of Lincoln Street there were cars coming from the opposite direction. A vehicle was parked on each side of the street. Since only one car could pass between the parked vehicles defendant slowed to allow the oncoming car to pass. Defendant testified that the vehicle go-

ing west was still to the east of the minor plaintiff when he first saw her standing in the middle of the sidewalk on the north side of the street. After the oncoming vehicle passed he accelerated to 15 or 20 miles per hour and observed the plaintiff still standing on the sidewalk. Suddenly she started running across the street. Defendant further testified that he blew his horn, applied his brakes and turned to the right, and that the child struck his automobile right at or behind the left front wheel.

The trial court correctly granted defendant's motion for directed verdict, renewed at the close of all the evidence. Notwithstanding the fact that the court must consider the evidence in the light most favorable to the plaintiff, *Capps v. Dillard, supra; Moore v. Powell, supra,* no presumption of negligence arises from the mere fact that a motorist strikes and injures a child who darts into the street or highway in the path of the approaching vehicle. *Brewer v. Green,* 254 N.C. 615, 119 S.E. 2d 610 (1961). The Supreme Court in *Winters v. Burch,* 284 N.C. 205, 210, 200 S.E. 2d 55, 58 (1973) quoted the following rule from 4 Blashfield, Automobile Law and Practice (3rd Ed. 1965) § 151.11 as being well established in this jurisdiction:

> A motorist is not, however, an insurer of the safety of children in the street or highway; nor is he bound to anticipate the sudden appearance of children in his pathway under ordinary circumstances. Accordingly, the mere occurrence of a collision between a motor vehicle and a minor on the street does not of itself establish the driver's negligence; and some evidence justifying men of ordinary reason and fairness in saying that the driver could have avoided the accident in the exercise of reasonable care must be shown. In the absence of such a situation, until an automobile driver has notice of presence or likelihood of children near line of travel, the rule as to the degree of care to be exercised as to children is the same as it is with respect to adults.

Accordingly, there must be some evidence that the defendant motorist could have avoided the accident by the exercise of reasonable care under the circumstances. The standard of care applicable in cases like this one has frequently been addressed by our courts.

Parker v. McCall

In *Brinson v. Mabry*, 251 N.C. 435, 111 S.E. 2d 540 (1959) the seven year old plaintiff and her sister were standing alongside the traveled portion of the highway. They were apparently waiting for vehicular traffic to pass before crossing. The defendant was traveling north. Two cars traveling south passed the two girls. After the second vehicle passed, the plaintiff broke away from her older sister and ran into the middle of the highway. The defendant was familiar with the scene of the accident and knew that children crossed there. In affirming the trial court's grant of a directed verdict in favor of the defendant, the court stated:

> True, the presence of children on or near the traveled portion of a highway whom a driver sees, or should see, places him under the duty to use due care to control the speed and movement of his vehicle and to keep a vigilant lookout to avoid injury. (Citations omitted.)

> Nevertheless, when a child, without warning, darts from behind another vehicle into the path of a motorist who is observing the rules of the road with respect to speed, control, and traffic lanes, and who is maintaining a proper lookout, the resulting injury is not actionable . . . In such event the cause should not be submitted to the jury. (Citations omitted.)

251 N.C. at 438-439, 111 S.E. 2d at 543. The defendant driver in *Brinson* was not required to stop completely so long as the girls remained off the traveled portion of the road and apparently attentive to traffic conditions; but only to slow down and proceed with caution.

In the case *sub judice* the defendant was operating his vehicle after dark with the lights on, proceeding at 15 to 20 miles per hour, well within the stated speed limit of 25 miles per hour. He had seen the child standing alone on the sidewalk before the westbound automobile passed, and saw her still standing on the sidewalk after it passed. When the minor plaintiff darted out into the street, the defendant was too close to stop.

> A motorist operating his vehicle at a lawful speed is not liable for injuries to a child who runs into the street so suddenly that the motorist could not avoid striking him. And this is the rule even where the motorist was aware at the

time of the presence of children on the sidewalk along the street.

*Wilson v. Gardner,* 18 N.C. App. 650, 652, 197 S.E. 2d 807, 809 (1973); *accord Westbrook v. Robinson,* 11 N.C. App. 315, 181 S.E. 2d 231 (1971).

There was no evidence before the trial court to support a finding that the defendant failed to use proper care with respect to (1) the speed and control of his vehicle, (2) the maintenance of a vigilant lookout and (3) the giving of a timely warning to avoid injury. Defendant had slowed to allow an oncoming car to pass. His vehicle was being operated at a speed between 15 and 20 miles per hour in a 25 miles per hour zone during the time he observed the child. As soon as she started into the street he blew his horn and applied the brakes, turning to the right. There is no evidence that defendant could have avoided the accident by the exercise of reasonable care under these circumstances. Defendant is not required to come to a complete stop so long as the child remains on the sidewalk especially after observing that the child has already waited for one car to pass without attempting to cross.

Defendant's motion for a directed verdict was properly allowed.

Affirmed.

Judges ARNOLD and HILL concur.